496 So.2d 439 (1986)
Carol HARPER
v.
Leon J. BOUDREAUX.
No. CA 85 0599.
Court of Appeal of Louisiana, First Circuit.
October 15, 1986.
Robert Mack, Hammond, for plaintiff-appellant Carol Harper, et al.
Ron S. Macaluso, Hammond, for defendant-appellant Leon J. Boudreaux, et al.
Before EDWARDS, WATKINS and PONDER[*], JJ.
*440 ELVEN E. PONDER, Judge (retired).
The issues presented in this personal injury suit are assessment of court costs and quantum.
Carol Harper's car was struck from the rear by a car driven by Emily Boudreaux. The impact was slight, causing only minimal property damage which did not necessitate any repairs to Mrs. Harper's car. However, Mrs. Harper stated she was jarred by the impact and her knees were weak for several minutes. She thereafter reported to her job at a clothing store, but later developed a stiff neck and a headache. At trial she testified she continues to suffer intermittent pain in the neck and weakness in her arms.
Plaintiffs, Ronald and Carol Harper, filed suit for personal injuries, medical expenses and property damages against Emily Boudreaux and her liability insurer, State Farm Mutual Insurance Company (State Farm). A partial summary judgment on the issue of liability was granted against State Farm.[1] After trial on the issue of quantum, the jury answered special interrogatories propounded to it as follows:
1. Did the accident sued upon cause Carol Harper injury?
X YES ___NO
(If your answer to # 1 is "NO", you have completed your deliberation. If your answer is "YES", proceed to Interrogatory # 2 and # 3.)
2. What is the amount of damages suffered by Carol Harper?
$ 0.00
3. What is the amount of damages suffered by Ronald Harper?
$290.00 Medical Expense
$ 0.00 Loss of Income
In accordance with this verdict, judgment was rendered against State Farm for $290.00 in medical expenses, plus all court costs. Plaintiffs appealed contending the jury erred in refusing to make an award for pain and suffering. State Farm also appealed, contending it was inequitable for it to be assessed all court costs.
Mrs. Harper had some history of cervical problems prior to the instant accident. In 1960 she sustained a serious neck injury which required traction for a lengthy period. In July of 1982 she consulted Dr. Fambrough concerning complaints of neck pain. Four months before the collision she appeared at the emergency room of Lallie Kemp Charity Hospital complaining of a headache and neck pain, for which she was prescribed medication. She testified she thereafter had no further problems until the accident in question.
Mrs. Harper consulted Dr. Fambrough on January 7, 1983, the day after the accident. From this date until June 1, 1984, she consulted Dr. Fambrough on two additional occasions, Dr. Llywellyn, a neurosurgeon, on two occasions and Dr. Matta, an orthopedic surgeon, on one occasion. She also received physical therapy for six weeks during this period.
Mrs. Harper's injury was diagnosed as a cervical sprain or strain, superimposed on pre-existing degenerative changes at the C-4, C-5 and C-6 levels. However, both Drs. Fambrough and Llywellyn believed it was more probable Mrs. Harper's problems were attributable to the accident rather than to the pre-existing degenerative changes. A primary consideration in this conclusion was the fact Mrs. Harper was asymptomatic for several months preceding the accident, but began having symptoms almost immediately thereafter. No evidence to refute this conclusion was presented.
In answers to the special interrogatories propounded to it, the jury concluded that, although Mrs. Harper was injured in the accident in question, she was not entitled to any damages. These two conclusions are clearly inconsistent and the jury committed error as a matter of law in awarding special damages for medical expenses *441 while denying recovery for pain and suffering. Odendahl v. Wild, 418 So.2d 36 (La.App. 4th Cir.1982.) See also Evans v. Newton, 459 So.2d 586 (La.App. 5th Cir.1984). It is possible the jury believed Mrs. Harper's injury was due in large part to her pre-existing condition, especially since the impact she suffered in the accident was slight. Nevertheless, while it does appear the severity and duration of Mrs. Harper's injury was attributable in part to her pre existing condition, which made her more prone to injury and impaired her recovery, it is well-settled a tortfeasor takes his victim as he finds him and aggravation of a pre-existing condition is compensable. Nolan v. Ochello, 433 So.2d 1100 (La.App. 1st Cir.1983), writs denied, 441 So.2d 210, 211 (La.1983). The jury erred in refusing to award Mrs. Harper damages for pain and suffering.
Rather than remand this case for a new trial on this issue, judicial economy requires this court to make an award for these damages. Gonzales v. Xerox Corporation, 320 So.2d 163 (La.1975); Odendahl, supra. After a thorough review of the record, we conclude Mrs. Harper is entitled to an award of $5,000.00 for pain and suffering, which we believe to be the lowest amount reasonably within the discretion of the jury. Curry ex rel. Curry v. Allstate Insurance Co., 435 So.2d 1030 (La.App. 4th Cir.1983); Odendahl, supra. In addition, the jury clearly erred in awarding only $290.00 for medical expenses. Mrs. Harper introduced evidence of medical expenses attributable to the aggravation of her pre existing condition in the amount of $1,064. Accordingly, the judgment of the trial court is amended to provide an award of $5,000.00 for pain and suffering and $794.11[2] for medical expenses.
State Farm contends the trial court erred in assessing it with all court costs. Although a trial court has discretion in assessing court costs, such costs are generally assessed against the losing party. La.C.C.P. art. 1920; Long v. Panther Airboat Corp., 453 So.2d 304 (La.App. 1st Cir.1984). No showing of an abuse of discretion has been shown. State Farm is clearly the losing party. This argument is without merit. All costs of appeal are to be paid by State Farm.
AMENDED AND AFFIRMED.
NOTES
[*] Judge Elven E. Ponder, retired, has been assigned temporarily to this court by the Supreme Court of Louisiana to fill the vacancy created by the election of Justice Luther F. Cole to the Supreme Court.
[1] Judgment was not rendered against Emily Boudreaux. State Farm has raised no issue as to Emily Boudreaux's liability on appeal.
[2] The total bill submitted by Mrs. Harper's physical therapist was $720.00. However, the therapist testified that this bill included treatment both for Mrs. Harper's neck and back. Since only the neck injury was attributable to the accident in question, Mrs. Harper is entitled to receive only that portion of the bill incurred for treatment of her neck. The therapist testified that had he treated Mrs. Harper's neck only, he would have charged $25.00 per hour rather than $40.00. The award made to Mrs. Harper is calculated on this basis.