599 So.2d 873 (1992)
Alfred PATTISON
v.
VALLEY FORGE INSURANCE COMPANY, a/k/a CNA Insurance Company.
No. 91-CA-1491.
Court of Appeal of Louisiana, Fourth Circuit.
May 12, 1992.
*874 Robert J. Young, Jr., Robert J. Young, III, Young, Richaud, Theard & Myers, New Orleans, for appellant.
John A. Stewart, Jr., Roger D. Marlow, Hulse, Nelson & Wanek, New Orleans, for appellee.
Before CIACCIO, ARMSTRONG and PLOTKIN, JJ.
CIACCIO, Judge.
Plaintiff, Alfred Pattison, appeals a trial court judgment in favor of defendant, Valley Forge Insurance Company (a/k/a CNA Insurance Company), dismissing his suit against defendant. We affirm.
On September 4, 1989, plaintiff, while operating his motor vehicle, was struck by a "hit and run" vehicle at the intersection of Broadway and South Claiborne Avenues in New Orleans. As a result of the accident, plaintiff injured his back. At the time of the accident, plaintiff had in effect an auto liability insurance policy with Valley Forge which provided uninsured motorist coverage. The driver of the "hit and run" vehicle was never identified and plaintiff later filed suit against Valley Forge.
Prior to trial, Valley Forge made three separate unconditional tenders over an eleven month period in the amounts of $10,000.00, $15,000.00 and $15,000.00. It also paid plaintiff's medical expenses in the amount of $8,868.00.
Plaintiff's case was tried before a jury. At trial, the jury was presented with the following three interrogatories and answered them accordingly:

INTERROGATORIES TO THE JURY
1. Do you find that Mr. Pattison sustained damages as a result of being struck by the hit-and-run vehicle?
Yes X No. ___
If your answer to Interrogatory No. 1 is "yes", go on to Interrogatory No. 2. If your answer to Interrogatory No. 1 is "no", your work is complete. Please sign and date the verdict form and return to the courtroom.
2. What amount do you find fairly and adequately compensates Mr. Patterson for his injury?

(a) Medical Expenses
 Future $ 0
 ______
(b) Loss of Impairment of Earning
 Capacity Past $ 0
 ______
 Future $ 0
 ______
(c) Physical Pain, Suffering and
 Disability
 Past $ 0
 ______
 Future $ 0
 ______
(d) Mental Pain, Anguish and
 Loss of Enjoyment of Life
 Past $ 0
 ______
 Future $ 0
 ______
TOTAL DAMAGES $ 0
 ______
LESS $40,000.00 CREDIT ($40,000.00)

*875 Did defendant Valley Forge Insurance Company arbitrarily or capriciously refuse to tender a reasonable amount of damages within sixty (60) days of receiving satisfactory proofs of the loss from Mr. Pattison?
Yes ___ No. X
Pursuant to the jury verdict, the trial judge entered judgment in favor of Valley Forge, dismissing plaintiff's suit. Plaintiff subsequently filed motions for a judgment notwithstanding the verdict and a new trial which the trial court denied.
On appeal, plaintiff raises two assignments of error. As his first assignment of error, plaintiff argues that the jury's verdict was inconsistent as it found plaintiff had sustained an injury as a result of the accident, yet it failed to award him either special or general damages. He also argues that the trial judge improperly denied his motion for a judgment notwithstanding the verdict, and asks this Court to set aside the jury's verdict, vacate the trial court's judgment and assess, res nova, the issue of plaintiff's damages.
In response to plaintiff's argument, Valley Forge argues that the jury returned a special verdict as provided for in C.C.P. art. 1812, as opposed to a general verdict under C.C.P. art. 1813, and that the trial court properly entered judgment in conformity with the jury's responses to the interrogatories.
In support of its argument that the court's judgment was based on an inconsistent jury verdict, plaintiff relies on the following cases: Marcel v. Allstate Ins. Co., 536 So.2d 632 (La.App. 1st Cir.1988), writ denied, 539 So.2d 631 (La.1989); Harper v. Boudeaux, 496 So.2d 439 (La.App. 1st Cir.1986); and Labee v. Louisiana Coca Cola Bottling Co., Ltd., 500 So.2d 850 (La.App. 1st Cir.1986). These cases are distinguishable from the case before us.
In Marcel v. Allstate Ins. Co., supra, the court held that the jury's award of $5,200.00 in medical expenses was not consistent with its refusal to award general damages. In Harper v. Boudreaux, supra, the court found the jury committed error, as a matter of law, in awarding special damages for medical expenses while denying recovery for pain and suffering. In Labee v. Louisiana Coca Cola Bottling Co., Ltd., supra, the jury awarded $4,272.00 for past medical expenses and no award for general damages and, on appeal, the court held it was error, as a matter of law, for the jury to refuse to award any damages for pain and suffering. Unlike the aforementioned cases, the jury in the present case did not award plaintiff special damages for future medical expenses yet failed to award an amount for general damages.
After reviewing the record, we find the jury's answers to the questions posed in interrogatory number two are not inconsistent. The record indicates that the jury was made aware, prior to deliberation, that Valley Forge unconditionally tendered a total of $40,000.00 to plaintiff for his injuries and that it had paid plaintiff's past medical expenses. Further the trial judge instructed the jurors that they were to consider only plaintiff's future medical expenses, as his past medical expenses had been paid. Regarding interrogatory number one, the trial transcript reflects that the trial judge instructed the jury that they were not to consider whether plaintiff was in fact injured in the accident, as that had been decided by the trial judge, but rather they were to consider the extent of plaintiff's injuries. Accordingly, the jury answered "yes" to interrogatory number one. The record further indicates that after submitting their verdict to the court, the jury members were polled as to each interrogatory. The jurors reiterated their findings that plaintiff was not entitled to additional compensation for his injuries. We find it is apparent from the jurors' responses to the interrogatories that they believed the sum of $40,000.00 previously tendered by defendant was sufficient to compensate plaintiff for his damages. Their responses to the questions posed in interrogatory number two were consistent in that they denied plaintiff's claims for both future medical expenses and general damages.
*876 The last case relied on by plaintiff, Crowther v. K-Mart Corporation, 568 So.2d 669 (La.App. 4th Cir.1990), writ denied, 571 So.2d 656 (La.1990), did not involve inconsistent jury interrogatories. In that case, the trial judge granted plaintiff's motion for judgment notwithstanding the verdict, awarding her $50,000.00 for loss of earning capacity and $20,000.00 for partial permanent disability. On review, this court affirmed the trial judge's granting of plaintiff's motion for judgment N.O.V., finding the jury's failure to award these items of damages was clearly contrary to the evidence presented at trial which proved otherwise.
In considering a motion for a judgment notwithstanding the verdict, the trial court must consider the evidence and reasonable inferences in the light most favorable to the opposing party. The court may grant the motion only if the facts and inferences supporting it point so strongly and overwhelmingly in favor of the mover that reasonable jurors could not have arrived at a contrary verdict. On the other hand, if the evidence is such that reasonable fair minded and impartial jurors could reach a contrary verdict to the one advocated by the mover, the court should deny the motion. In applying this standard, the court does not weigh the evidence, pass on the credibility of the witnesses, or substitute its factual judgment for the jury's. Scott v. Hospital Service District No. 1 of the Parish of St. Charles, 496 So.2d 270, 274 (La.1986).
In the instant case, the jury heard the testimony of Dr. George Cary, plaintiff's treating physician and also that of Dr. Richard Levy, a neurosurgeon who had examined plaintiff for litigation purposes for the defendant. Dr. Cary testified that plaintiff suffered a ruptured cervical disc as a result of the accident and despite physical therapy for three months, plaintiff's condition did not improve. Dr. Cary opined that plaintiff was a candidate for a discectomy and cervical fusion. According to Dr. Cary, plaintiff suffered from a pre-existing arthritic condition and a bone spur which appeared on a MRI scan but this condition was not caused by the accident.
In contrast, Dr. Levy testified that after conducting an independent medical examination of plaintiff, he concluded that plaintiff did not suffer a ruptured cervical disc or nerve root injury. According to Dr. Levy, during the examination he noted that plaintiff's left side was visibly smaller than his right side, and by measurement, the left arm, forearm and calf were all one inch smaller around than the right arm, forearm and calf, evidencing a weaker left arm and leg. Dr. Levy also testified that after reviewing plaintiff's prior medical records, he learned that plaintiff had two major convulsions involving a paralysis on the left side of the body. He opined that plaintiff's history of left sided weakness was consistent with Dr. Cary's findings that plaintiff had a weak left infraspinatus muscle, a condition pre-dating the accident. On cross-examination, Dr. Levy testified that the MRI scan revealed a mild bulge and a large bone spur covering the spinal cord on the left side and that these conditions pre-dated the accident.
Prior to deliberation, the trial judge instructed the jury on the law regarding the testimony of expert witnesses; specifically, the trial judge stated "The diagnosis and the opinion of the treating physician are entitled to more weight than those of doctors examining plaintiff for consultation for litigation purposes only." Notwithstanding the instruction, the jury considered the testimony of both witnesses yet gave more weight to the testimony of Dr. Levy and found it to be more credible, answering the interrogatories consistent with Dr. Levy's opinion.
In considering plaintiff's motion for judgment N.O.V., the record reflects that the trial judge agreed with the jury's findings that Dr. Levy's testimony carried greater weight and was more credible than that of Dr. Cary. The trial judge did not find that the evidence pointed so strongly in favor of the plaintiff that reasonable men could not reach a different conclusion and therefore denied plaintiff's motion for judgment N.O.V. We agree.
*877 A jury's factual conclusion that a plaintiff is not entitled to an element of damages is not susceptible to reversal unless clearly wrong. Furthermore, in assessing damages the jury is vested with great discretion and the award should not be modified unless it constituted an abuse of that great discretion. Canter v. Koehring Co., 283 So.2d 716 (La.1973). After reviewing the testimony in the record, we find, as did the trial judge, that the jury was not clearly wrong in its factual findings and did not abuse it much discretion.
As his second assignment of error, plaintiff argues the trial court committed reversible error in refusing to allow into evidence two documents establishing Valley Forge's assessment and valuation of plaintiff's damages. The documents contained information regarding settlement discussions with plaintiff's counsel and evaluation estimates by the insurer's adjusters which exceeded the amount actually unconditionally tendered to plaintiff.
"Relevant Evidence" is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. C.E. art. 401. Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or waste of time. C.E. art. 403. Whether evidence is relevant is within the discretion of the trial judge, and his ruling will not be disturbed on appeal in the absence of a clear abuse of his discretion.
Plaintiff contends that the documents were relevant and offered at trial to establish the unreasonableness of Valley Forge in meeting its obligations under the UM policy. In support of this argument, plaintiff relies on the cases of Launey v. Thomas, 379 So.2d 27 (La.App. 3rd Cir. 1979), writ denied 381 So.2d 1233 (La.1980) and Burton v. Foret, 484 So.2d 753 (La. App. 1st Cir.1986), wherein evidence of pre-trial settlement negotiations was allowed to test the reasonableness of the insurer's conduct in handling the claims asserted by its insured under the UM coverage.
In both Launey and Burton, evidence of the pre-trial settlement negotiations was admitted to test the reasonableness of the insurer's conduct in handling the UM claims. However, the evidence was allowed solely for that limited purpose, as such evidence is clearly inadmissible to prove the value or amount of the claimant's damages. C.E. art. 408(A).
At the trial in this matter, the jury was presented with ample testimony regarding the reasonableness of Valley Forge's tender relevant to the UM claim. The jury, without the introduction of the proffered documents, was aware of the approximate $100,000.00 valuation defendant placed on the plaintiff's claim. Debbie Whited and Don Walker, claims representatives for Valley Forge, both testified that the initial "case estimate" was $40,000.00 when Valley Forge made the first tender of $10,000.00 to plaintiff. They both testified that their "case estimate" was based on the worst case scenario. Walker further testified on cross-examination that their estimate of the case valuation had increased to $100,000.00 from its initial valuation of $40,000.00.
It is clear from the record that the jury was allowed to consider the fact that Valley Forge had placed case estimates on plaintiff's claim that were significantly higher than the amounts it tendered. In light of this, the trial judge believed the probative value of any further evidence of Valley Forge's pre-trial settlement actions was far outweighed by the prejudicial effect it would have on the jury. Under these circumstances, we cannot say the trial judge abused his discretion in not allowing the documents into evidence.
The jury after hearing all the testimony, particularly that of Ms. Whited and Mr. Walker, rendered a verdict in favor of Valley Forge and found it did not arbitrarily or capriciously refuse to tender plaintiff a reasonable amount of damages. Since the jury found that the insurer had already paid Pattison all of the damages to which *878 he was entitled, we find no error in the jury's verdict.
Accordingly, for the foregoing reasons the judgment of the trial court in favor of defendant, Valley Forge Insurance Company, is affirmed.
AFFIRMED.