634 So.2d 1212 (1993)
Edward M. SONS
v.
Murphy L. DELAUNE, Jr., and Prudential Property & Casualty Insurance Company.
No. 92 CA 1135.
Court of Appeal of Louisiana, First Circuit.
November 12, 1993.
Opinion Amending Decision on Denial of Rehearing February 23, 1994.
Writ Denied May 6, 1994.
*1214 John H. Wells, New Orleans, for plaintiff and appellant Edward M. Sons.
McNeil J. Kemmerly, Metairie, for defendant and appellee Murphy L. Delaune, Jr. and Prudential.
Before CARTER, LeBLANC and PITCHER, JJ.
PITCHER, Judge.
Edward M. Sons (plaintiff), filed this tort action against defendants, Murphy L. Delaune, Jr. (Delaune) and Prudential Property & Casualty Insurance Company (PRUPAC), Delaune's liability insurer, seeking to recover damages he sustained as a result of an automobile accident. The trial court entered judgment on the jury verdict, which awarded only special damages to plaintiff and apportioned fault equally between the plaintiff and Delaune. On timely motion of defendants, the trial court subsequently granted a Judgment Notwithstanding the Verdict and awarded plaintiff general damages. From this judgment, plaintiff appeals. We affirm.

FACTS
On August 20, 1989, plaintiff and Delaune were driving their vehicles in opposite directions on Louisiana Highway 660 in Terrebonne Parish. At the intersection of Highways 659 and 660, the two vehicles collided when Delaune attempted to turn left onto Louisiana Highway 659. As a result of the collision, plaintiff suffered a 2-3mm rupture of the disc at the level of C6-7 in his cervical spine and aggravated a pre-existing lower back injury.
During the discovery phase of the case, defendants filed a Motion to Dismiss because plaintiff refused to submit to an independent medical exam. Plaintiff alleges that at the hearing on this motion, the trial judge, the Honorable Edward J. Gaidry, expressed dislike for him, which prompted plaintiff's counsel to file a Motion to Recuse. The trial court dismissed both motions, and the matter was tried before a jury on March 13 and 14, 1991.
The jury found both parties equally negligent in causing the accident and apportioned fault accordingly. It awarded plaintiff special damages, but no general damages. The trial court assessed all costs of the proceeding against the defendants and signed the judgment on March 21, 1991.
On April 11, 1991, defendants timely filed a Motion to Amend Judgment and Motion for Judgment Notwithstanding the Verdict (JNOV). On April 15, 1991, plaintiff filed a Petition and Order for Appeal, which the trial court granted on April 17, 1991. As a result of its having signed plaintiff's appeal order, the trial court later ruled that it was divested of jurisdiction to hear defendants' motion for JNOV. However, this court subsequently dismissed that appeal because the trial court had not yet acted upon the defendants' timely post-judgment motions. Following the hearing on the defendants' post-judgment motions, the trial court awarded plaintiff general damages and reallocated costs to assess 50% of the costs against plaintiff. Plaintiff thereafter appealed the judgment of the trial court and submitted the following assignments of error for review:
1.
The trial court erred in denying plaintiff's Motion to Recuse and in permitting the trial court to assess damages and to rule on defendants' Motion for Judgment Notwithstanding the Verdict.
2.
The trial judge erred in not allowing plaintiff to submit his jury charges because his *1215 jury charges were timely filed with the Clerk of Court but not with the judge's office.
3.
The jury clearly erred in its assessment of the percentage of fault and in not awarding general damages to plaintiff, Edward Michael Sons.
4.
The trial judge erred in his assessment of damages, percentage of fault, and allocation of costs.

ASSIGNMENT OF ERROR NUMBER ONE
In this first assignment of error, plaintiff contends that the trial court erred when it denied his Motion to Recuse and permitted the trial court to assess damages and to rule on defendants' motion for JNOV. Plaintiff further contends that although the trial on the merits was a jury trial, the hearing on the motion to amend the judgment and motion for JNOV was a bench trial before Judge Gaidry, and, as the trier of fact, he assessed damages and reallocated costs based on percentages of fault. He argues that Judge Gaidry should have recused himself in the matter because he had exhibited prejudice towards plaintiff prior to trial.
LSA-C.C.P. art. 151 sets forth the grounds for the recusation of judges. The article provides in pertinent part:
B. A judge of any court, trial or appellate, may be recused when he
* * * * * *
(5) Is biased, prejudiced, or interested in the cause or its outcome or biased or prejudiced toward or against the parties or the parties' attorneys to such an extent that he would be unable to conduct fair and impartial proceedings.
A judge may also recuse himself, whether a motion for his recusation has been filed by a party or not, in any cause in which a ground for recusation exists. LSA-C.C.P. art. 152(A).
During discovery, defendants filed a motion to dismiss plaintiff's action because he failed to voluntarily submit to an independent medical examination. The trial court subsequently denied the motion. After the court's ruling, defendants' counsel requested a sidebar conference. It was during this conference that the alleged grounds arose which prompted plaintiff's counsel to seek the recusal of Judge Gaidry in the instant matter. Apparently, although he had been subpoenaed by the defendants, plaintiff failed to appear and testify at the hearing that morning. Plaintiff alleges that while defendants' counsel was attempting to explain why the plaintiff had been subpoenaed, Judge Gaidry looked at plaintiff's counsel and said, "I do not like Mr. Sons." Thereafter, on February 15, 1991, plaintiff's counsel filed a motion to recuse Judge Gaidry on the grounds that the statement, "I do not like Mr. Sons", exhibited the trial judge's bias against plaintiff, and that plaintiff believed the trial judge would be unable to conduct fair and impartial proceedings in the matter.
On February 21, 1991, a hearing was held on the motion to recuse before Judge Paul R. Wimbish. Plaintiff's counsel testified that when he tried to respond to Judge Gaidry's statement of dislike for plaintiff, Judge Gaidry said, "No"; and when he again attempted to respond, Judge Gaidry said, "Don't you know what no means?". Counsel further testified that, since Judge Gaidry would not allow him to respond, he was forced to seek his recusal because counsel believed, at that point, that Judge Gaidry was biased or exhibited bias against his client.
In responding to plaintiff's allegations, Judge Gaidry testified as follows:
With regard to Mr. Wells' comments, I have no independent recollection of saying I didn't like Mr. Sons. I do not know Mr. Sons.... I surely know nothing personally about the man. On the day that Mr. Wells alleges that I said I did not like the guy it's quite possible I said something to that affect [sic] because I believe Defendant was asking for a dismissal of the suit based on his failure to appear at seven or eight independent medical examinations. There was obviously some lack of cooperation *1216 by Mr. Sons in the effort to do the independent medical examination and I may have said something to that affect [sic], that I did not like his actions. It makes no difference to the court. I guess if I was really biased towards Mr. Sons I would have dismissed his proceeding at the request of Defendant for his failure to show up at the medical examinations. Because as I recall the court had ordered that he attend the next scheduled independent medical exam or I would dismiss his suit and he failed to appear. The court feels that I have no bias against Mr. Sons. I'm ready to try the case. It's a trial before a jury....
Judge Wimbish later denied the motion. In his oral reasons for judgment, he stated that he could find no evidence that Judge Gaidry would be unable to conduct a fair and impartial trial, particularly in light of the fact that Judge Gaidry would neither be the trier of fact in the instant case nor determine damages.
Considering the law and evidence, we cannot say that Judge Wimbish erred in denying plaintiff's motion to recuse. Moreover, it cannot be disputed that in the absence of grounds for recusation of a judge, continuing jurisdiction over matters assigned to his court remains vested in the prevailing judge. See, LSA-C.C.P. arts. 1, 2. Consequently, it clearly was not error for Judge Gaidry to assess damages or to rule on defendants' motion for JNOV in the instant case. This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER TWO
In this second assignment of error, plaintiff contends that the trial judge erred when it refused to allow him to submit his requested jury instructions. He argues that his requested instructions were, in fact, timely filed with the trial judge's office, despite having been initially filed with the Clerk of Court.
Defendants, however, contend that, although plaintiff objected immediately to the trial court's action after the jury retired, plaintiff failed to preserve the objection for appellate review because he did not state the grounds of his objection as required by the Louisiana Code of Civil Procedure. We disagree with the defendants on this issue.
Louisiana law requires the trial court to instruct the jury on the applicable law after trial and presentation of all the evidence. LSA-C.C.P. art. 1792. Additionally, at the close of the evidence, or at such earlier time as the court reasonably directs, a party may file written requests that the court instruct the jury on the law as set forth in the requested instructions. LSA-C.C.P. art. 1793.
LSA-C.C.P. art. 1793 (C) provides as follows:
A party may not assign as error the giving or the failure to give an instruction unless he objects thereto either before the jury retires to consider its verdict or immediately after the jury retires, stating specifically the matter to which he objects and the grounds of his objection. If he objects prior to the time the jury retires, he shall be given an opportunity to make the objection out of the hearing of the jury.
Therefore, LSA-C.C.P. art. 1793 establishes a mandatory procedural rule for preserving for appellate review an objection to the trial court's denial of a requested jury charge. The statute requires that the litigant object to the trial court's refusal to give each requested jury charge and state the grounds for each objection. Petitto v. McMichael, 588 So.2d 1144, 1147 (La.App. 1st Cir. 1991), writ denied, 590 So.2d 1201 (La.1992).
Turning our attention to the record, we note the following colloquy between the court and plaintiff's counsel:
MR. MCGEHEE:
We submitted to the Clerk of Court but not to your Honor himself on March 6th... jury charges which we proposed be read to the jury. It is my understanding that the court will not consider those charges because the charges ... were only filed with the Clerk of Court.
*1217 THE COURT:
You're correct. I didn't get them; I didn't see them and I didn't consider them.
MR. MCGEHEE:
... [J]ust for the record, Judge, we would object because I think the statute or the rule is at best ambiguous when it says deliver to the court and we did deliver to the Clerk of Court. Specifically, but not by way of limitation, we had submitted rules of the road as stated in the statutes and also we charged loss of wage earning capacity. So for those reasons, your Honor, we would object.
This excerpt clearly evidences that counsel properly preserved the objection for appellate review.
The major thrust of plaintiff's claim under this assignment of error is that the trial court failed to instruct the jury on the pertinent law governing motorists attempting to make left turns. He contends that the trial court's failure to give these instructions resulted in the omission of a legal principle which was essential to his cause of action. We disagree.
The trial court is not required to give the precise instructions submitted by either party, but it must give instructions which properly reflect the applicable law in light of the pleadings and facts in each particular case. Although the trial court is not required to accept the requested instructions verbatim, its own jury charge should be sufficient to reflect adequately the law and issues presented. Thibaut v. Thibaut, 607 So.2d 587, 598 (La.App. 1st Cir.1992), writs denied, 612 So.2d 37, 38, 101 (La.1993). The adequacy of jury instructions by a trial court must be determined in the light of jury instructions as a whole. Thibaut, 607 So.2d at 599. Instructions which omit an applicable essential legal principle constitute reversible error. Kaplan v. Missouri-Pacific Railroad Co., 409 So.2d 298, 304 (La.App. 3rd Cir.1981).
After fully reviewing the jury instructions given by the trial court, as well as the special instructions it refused to accept from plaintiff, we are satisfied that the trial court did not omit an essential legal principle. The essence of plaintiff's requested instructions was included in the trial court's instructions to the jury, which as a whole, were sufficient to reflect adequately the law and issues presented. This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER THREE

Comparative Fault
By way of this assignment of error, plaintiff submits as error the jury's assessment of the percentages of fault. Plaintiff contends that the jury erred in apportioning 50% of the fault to him. Plaintiff denies being contributorily negligent and contends that a review of the facts elicited at trial shows that Delaune was solely at fault in causing the accident. He argues that no reasonable basis existed for the jury to have found him comparatively negligent in causing the accident.
It is well settled that the allocation of comparative negligence is a factual matter, and such determination should not be disturbed on appeal unless it is clearly wrong or manifestly erroneous. An appellate court must give great weight to a finding of fact based upon the trier of fact's reasonable evaluations of credibility and should not disturb this factual finding unless it determines from the record that it is clearly wrong or manifestly erroneous. Watson v. State Farm Fire and Casualty Insurance Co., 469 So.2d 967, 972 (La.1985). A reviewing court must do more than simply review the record for some evidence which supports or controverts the trial court's finding. Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 882 (La.1993). The issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. Stobart, 617 So.2d at 882.
However, this standard of appellate review was not intended to be applied so as to require upholding the ruling of a trial court simply when the evidence before the trier of *1218 fact furnishes a reasonable basis for its finding. Arceneaux v. Domingue, 365 So.2d 1330, 1333 (La.1978). (Emphasis in original). Instead, a finding of fact by a trial court should be upheld "unless it is clearly wrong." Arceneaux v. Domingue, 365 So.2d at 1333. (Emphasis in original). Appellate review of facts is not completed by reading so much of the record as will reveal a reasonable factual basis for the finding in the trial court. Proper review requires that the appellate court determine from the record that the trial court finding is not clearly wrong or manifestly erroneous. Watson, 469 So.2d at 972; Arceneaux v. Domingue, 365 So.2d at 1333. But, where documents or objective evidence so contradict the witness' story, or the story itself is so internally inconsistent or implausible on its face, that a reasonable factfinder would not credit the witness' story, the court of appeal may well find manifest error or clear wrongness even in a finding purportedly based upon a credibility determination. Stobart, 617 So.2d at 882; Rosell v. ESCO, 549 So.2d 840, 844-845 (La.1989). Nonetheless, the Louisiana Supreme Court has repeatedly emphasized that "the reviewing court must always keep in mind that `if the trial court or jury's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.'" Stobart, 617 So.2d at 882.
Here, the jury was presented with two permissible, although contradictory, views concerning how the accident happened. Having heard the contradictory evidence, the jury then evaluated the witnesses' credibility and concluded that not only was Delaune's conduct below the standard of care owed to plaintiff and a legal cause of the accident, but that the plaintiff's conduct was also below the standard of care required under the circumstances for his own safety, and thereby apportioned 50% of the fault to him. A review of the record reveals that the jury's findings were reasonable and not manifestly erroneous.
The negligence of a left-turning motorist neither requires our extensive discussion nor commands an exhaustive review of the question, since the liability of a left-turning motorist has been defined and clarified in a plethora of Louisiana decisions. See, Mart v. Hill, 505 So.2d 1120, 1122 (La.1987). Louisiana courts have consistently held that a motorist attempting a left turn is required to exercise a very high degree of care and to take every reasonable precaution to ensure that the turn can be made without endangering approaching motorists.
The duty which Delaune owed as a motorist turning left is statutorily set out in LSA-R.S. 32:122 which provides:
The driver of a vehicle within an intersection intending to turn to the left shall yield the right of way to all vehicles approaching from the opposite direction which are within the intersection or so close thereto as to constitute an immediate hazard.
The causal relation between Delaune's failure to yield the right of way to plaintiff and the resulting accident is a direct one. Uncontroverted evidence adduced at trial shows that the accident occurred when Delaune executed a left-hand turn and crossed over the center line into plaintiff's lane of travel. In fact, Delaune's own testimony established that he failed to see what he could and should have seen. Without a doubt, his failure to keep a proper lookout and to yield the right of way to plaintiff's approaching vehicle, as required by law, was certainly a cause of the accident.
The record also reveals that a reasonable basis existed for the jury's allocation of an equal amount of fault to plaintiff. Delaune testified that plaintiff failed to brake after seeing his vehicle and that plaintiff appeared to increase his speed rather than slow down. Mrs. Delaune testified that plaintiff's vehicle hesitated, then "definitely" sped up. Moreover, plaintiff, himself, testified that he did not brake, that he did accelerate, and that he knew there was a possibility that Delaune would attempt to turn in front of him.
In assessing the nature of the conduct of the parties, various factors may influence the degree of fault assigned, including: (1) *1219 whether the conduct resulted from inadvertence or involved an awareness of the danger, (2) how great a risk was created by the conduct, (3) the significance of what was sought by the conduct, (4) the capacities of the actor, whether superior or inferior, and (5) any extenuating circumstances which might require the actor to proceed in haste, without proper thought. Watson, 469 So.2d at 974. When the conduct of the parties is considered and weighed under these factors, it was not clearly wrong for the jury to conclude that fault should be apportioned equally between them. Consequently, this part of plaintiff's assignment is without merit.

Damages
Also by means of this assignment of error, plaintiff contends that the jury erred when it failed to award him general damages after finding that he sustained injury as a result of the accident. We agree.
A fact finder's refusal to award general damages for pain and suffering after awarding special damages for medical expenses is an error of law. Marcel v. Allstate Insurance Company, 536 So.2d 632, 635 (La. App. 1st Cir.1988), writ denied, 539 So.2d 631 (La.1989).
After trial, the jury answered special written interrogatories propounded to it on a jury verdict form. The verdict form shows that although the jury found that plaintiff suffered injury as a result of the accident, it nevertheless concluded he was not entitled to any damages other than $8,691.65 for past medical expenses. The jury's conclusion that plaintiff was injured and that he incurred $8,691.65 in medical expenses was clearly inconsistent with its refusal to award general damages for pain and suffering. Harper v. Boudreaux, 496 So.2d 439, 440 (La.App. 1st Cir.1986); Marcel, 536 So.2d at 635. The trial court nonetheless entered judgment in conformity with the jury verdict and awarded plaintiff $4,345.82 in medical expenses, plus interest and all costs.
When the jury errs as a matter of law in its assessment of damages rather than abuses its "much discretion", an appellate court, if it can, must assess res nova the amount of damages appropriate under the circumstances. Marcel, 536 So.2d at 635. However, we think the posture of this case does not require our independent assessment of damages in this instance because the trial court subsequently cured the jury's error in post-verdict proceedings by awarding general damages to the plaintiff. Therefore, we defer further discussion of this issue until we review plaintiff's fourth assignment of error, which immediately follows.

ASSIGNMENT OF ERROR NUMBER FOUR
In this final assignment of error, plaintiff contends that the trial judge erred in his assessment of the percentages of fault, assessment of damages, and in his allocation of costs.
We begin by stating at the outset that the trial judge did not assess 50% fault to the plaintiff; the jury was the trier of fact and found plaintiff to be 50% at fault. For the reasons stated above in our treatment of assignment of error number three, we find no error in this assessment.
We now address the remaining contentions which plaintiff has assigned herein as error, beginning with his contention that the trial judge erred in his assessment of damages.
LSA-C.C. art. 1999 provides that when damages are insusceptible of precise measurement, much discretion shall be left to the court for the reasonable assessment of these damages. It is only if the record clearly reveals that the court abused its "much discretion" in making the award of damages will a reviewing court intervene and disturb the award on appeal. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976). Before a trial court's award of damages may be set aside as being inadequate or excessive, the reviewing court must look first, not to prior awards, but to individual circumstances of the case before it. Page v. Gilbert, 598 So.2d 1110, 1118 (La.App. 4th Cir.), writs denied, 605 So.2d 1146, 1150 (La.1992).
*1220 After the trial court entered judgment on the jury verdict, the defendants, who hoped to avoid appellate review of the trial court's judgment, in an unusual and creative procedural maneuver, timely filed a "Motion to Amend Judgment and for Judgment Notwithstanding the Verdict" requesting the trial court "to grant a [JNOV] on the issue of general damages, only; and award plaintiff general damages based on the evidence introduced and heard by the trial judge at the trial of this matter." The trial court granted the defendants' motions and awarded plaintiff general damages in the amount of $15,000.00 It also affirmed the jury's award of special damages and allocation of fault, but reallocated costs between the parties to conform to the allocation of fault. On appeal, plaintiff complains only of the assessment of fault and costs against him and the amount of general damages awarded by the trial court. He does not contend that the trial court erred in granting the JNOV.
We said in Higley v. Kramer, 581 So.2d 273, 278 (La.App. 1st Cir.), writ denied, 583 So.2d 483 (La.1991), with respect to the trial court's granting of a JNOV that:
When a trial court grants a JNOV as to damages, both the decision to grant (i.e., that reasonable men could not have arrived at a contrary conclusion) and the resulting increase or decrease in the award, must be reviewed. The trial court's assessment of damages is an independent determination, not constrained by Coco. We in turn review that award under the standard of manifest error, and are constrained by Coco. The difference results from the distinction between the function of the trial court in passing upon a motion for a JNOV and the function of an appellate court conducting appellate review. (Emphasis in original). (Citations omitted).
A jury cannot award special damages for personal injuries sustained as a result of an accident and refuse to award any amount for general damages. Reasonable men could not arrive at a contrary conclusion. Thus, the JNOV, insofar as it amends the jury verdict to award general damages to plaintiff, is not clearly wrong. A JNOV may be granted on the issue of damages alone. LSA-C.C.P. art. 1811(F).
In reviewing the trial court's award of general damages for error, we find the recent decision of Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1258, slip op. at 1 (La.1993), decided on September 3, 1993, under docket number 92-C-3017, most instructive. There, the Louisiana Supreme Court stated that "the discretion vested in the trier of fact is `great,' and even vast, so that an appellate court should rarely disturb an award of general damages." Youn, 623 So.2d at 1260-61, slip op. at 7-8. The Court further stated that it is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award. Youn, 623 So.2d at 1260-61, slip op. at 7-8. When reviewed under the foregoing standards, the general damage award, although low, does not constitute a clear abuse of the trial court's great discretion.[1]
Finally, plaintiff urges as error the trial court's assessment of costs against him. He contends that the trial court abused its discretion in reallocating costs to conform to the jury's allocation of fault.
Costs are to be paid by the party cast unless the judgment provides otherwise, and the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable. LSA-C.C.P. art. 1920; Marcel, 536 So.2d at 637. An assessment of costs can be reversed only upon a showing of an abuse of discretion. Marcel, 536 So.2d at 637.
We think that where the trier of fact has apportioned fault between the parties, costs should also be allocated to reflect the percentage of fault attributed to each party, in the absence of an equitable reason for doing otherwise. The jury determined that *1221 plaintiff was contributorily negligent and attributed 50% of the fault to him. Since the jury determined that plaintiff was equally at fault in causing the accident, it was not an abuse of discretion for the trial court to reallocate costs to conform to the jury's allocation of fault.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of appeal are assessed to plaintiff-appellant, EDWARD M. SONS.
AFFIRMED.

ON APPLICATION FOR REHEARING
Per Curiam.
An application for rehearing has been filed by plaintiff, Edward M. Sons. We address only the alleged arguments concerning the general damage award because the other alleged errors were considered in the original opinion.
Plaintiff contends we erred when we noted in a footnote in the original opinion that the trial court awarded him $30,000.00 in general damages, reduced by 50% to $15,000.00. Plaintiff contends that the trial court, in fact, only awarded him $15,000.00 in general damages, reduced by 50% to $7,500.00. Plaintiff submits that the trial court abused its discretion in this regard and, citing Nichols v. Stone Container Corp., 552 So.2d 688 (La. App. 2nd Cir.1989), urges this court to increase the award.
Upon further examination of the record, we find that the trial court awarded plaintiff a total of $15,000.00 in general damages and reduced the award by 50%, the percentage of fault attributable to plaintiff. However, even though the award is lower than we had noted, we must reject plaintiff's contention that the amount of the award should be increased.
In addressing the standard for appellate review of general damage awards, the Louisiana Supreme Court has clearly stated the trier of fact has vast discretion in awarding general damages and the appellate court should rarely disturb a general damage award. Rosell v. ESCO, 549 So.2d 840 (La. 1989); Stobart v. State, 617 So.2d 880 (La. 1993); Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993); Simpson v. State, ___ So.2d ___ (La.App. 1st Cir.1993) decided on December 12, 1993, under docket number 92 CA 0115. The Court has also repeatedly admonished that before an appellate court can question a trial court's award as inadequate or excessive, the appellate court must first and only look to the facts and circumstances peculiar to the case and individual, rather than to prior decisional awards in its determination of whether the trial court abused its discretion. Simpson v. State, at ___.
Finding no abuse of the trial court's vast discretion in the instant case, we amend our original opinion to affirm the trial court's award to plaintiff of $15,000.00 in general damages, reduced by 50% to $7,500.00.
As amended, our original decision is affirmed. The application for rehearing is denied.
AMENDED AND AFFIRMED AS AMENDED.
NOTES
[1] We have surmised that the trial court awarded plaintiff $30,000.00 in general damages, but reduced the award to $15,000.00 because of plaintiff's comparative negligence.