PETTIGREW, J.
 

 |2In this appeal, plaintiffs-appellants, Debra E. Lewis and Anthony P. Lewis, claim the responses to jury interrogatories were inconsistent with the verdict returned by the jury. For the reasons that follow, we hereby affirm.
 

 This case arises out of a motor vehicle accident that occurred on December 9, 2005, at the intersection of West Park Avenue and Estate Drive in Terrebonne Parish, Louisiana. The record reveals that on the aforementioned date, the vehicle operated by Mrs. Lewis was rear-ended by a vehicle driven by Ernest J. Liner, IV, as Mrs. Lewis attempted to execute a right turn from West Park Avenue onto Estate Drive. At the time of this accident, Mr. Liner was insured by a policy of insurance issued by Safeway Insurance Company (“Safeway”), with limits of $10,000.00 per person, $20,000.00 per accident. In addition, State Farm Mutual Automobile Insurance Company (“State Farm”) provided uninsured/underinsured motorist insurance coverage to Mrs. Lewis.
 

 Thereafter, Mr. and Mrs. Lewis settled their claims with Safeway, the liability insurer of Mr. Liner, for its liability limits of
 
 *972
 
 $10,000.00.
 
 [1]
 
 On December 4, 2006, Mr. and Mrs. Lewis instituted the present litigation against State Farm alleging personal injuries, loss of consortium, and an arbitrary and capricious failure to pay a claim. Prior to, and following the institution of this litigation, State Farm, in its capacity as Mrs. Lewis’ uninsured motorist carrier, made two separate tenders to Mrs. Lewis in the amounts of $7,500.00 and $20,000.00 respectively.
 

 A jury trial was held on April 21, 2008 through April 23, 2008. On April 23, 2008, the jury returned its verdict, and pursuant thereto, the trial court entered judgment on May 2, 2008, in favor of State Farm dismissing Mr. and Mrs. Lewis’ claims with prejudice at their costs.
 

 Subsequently, on June 5, 2008, Mr. and Mrs. Lewis filed a motion seeking a new trial and, in the alternative, a motion for judgment notwithstanding the verdict (“JNOV”). LThe trial court on July 23, 2008, dismissed the post-trial motion as untimely, but this court, in a 3-2 vote on September 22, 2008, reversed the trial court’s judgment and ordered that the post-trial motion be considered on its merits.
 
 [2]
 

 Following a hearing on Mr. and Mrs. Lewis’ motion, the trial court took the matter under advisement. In a judgment signed in chambers on December 29, 2008, the trial court denied the motion for new trial stating, “[cjontrary to the allegation of [Mr. and Mrs. Lewis] the jury responses are not inconsistent in light of the fact that the jury was clearly aware that Mrs. Lewis had received $34,040.21 prior to trial as compensation for her injuries, including $27,500.00 from State Farm.” The trial court’s judgment further denied Mr. and Mrs. Lewis’ alternative motion for JNOV, stating “the jury in this case apparently believed that the sum of $34,040.21 received by Mrs. Lewis was adequate to compensate her for any damages she suffered and that she should not receive any additional sums therefor. This court cannot say that reasonable persons would have arrived at a contrary verdict.” It is from this judgment that Mr. and Mrs. Lewis have appealed.
 

 On appeal, Mr. and Mrs. Lewis claim the jury’s answers to the interrogatories posed on the verdict form were inconsistent with the general verdict returned by the jury. Mr. and Mrs. Lewis further claim that the trial court improperly denied their motion for new trial, or in the alternative, for JNOV, and failed to find State Farm had been arbitrary and capricious in refusing to tender Mrs. Lewis a reasonable amount of damages. State Farm responds with the argument that the jury in the trial court, after hearing the evidence presented and being properly informed of the law, made the reasonable and correct determination that Mrs. Lewis had been adequately compensated by the $37,500.00 she received for the injuries she sustained in the automobile accident.
 

 Louisiana Code of Civil Procedure article 1811 provides that a motion for new trial may be joined with a JNOV request, or a new trial may be prayed for in the alternative. La.Code Civ. P. art. 1811 A(2).
 

 \ Motion for New Trial
 

 Pursuant to La.Code Civ. P. art. 1972, a new trial shall be granted, upon contradictory motion of any party, (1) when the verdict or judgment appears clearly con
 
 *973
 
 trary to the law and the evidence; or (2) when the party has discovered, since the trial, evidence important to the cause, which said party could not, with due diligence, have obtained before or during the trial.
 
 Davis v. Wal-Mart Stores, Inc.,
 
 00-0445, p. 9 (La.11/28/00), 774 So.2d 84, 92-93. In addition, a discretionary ground for a new trial is set forth in Article 1973, which authorizes the court to grant a new trial in any case if there is good ground for it.
 
 Guidry v. Millers Cas. Ins. Co.,
 
 01-0001, p. 4 (La.App. 1 Cir. 6/21/02), 822 So.2d 675, 680.
 

 The motion for a new trial requires a less stringent test than for a JNOV as such a determination involves only a new trial and does not deprive the parties of their right to have all disputed issues resolved by a jury. Whether to grant a new trial requires a discretionary balancing of many factors.
 
 Davis,
 
 00-0445 at p. 10, 774 So.2d at 93. Unlike the standard applicable to a motion for JNOV, the trial court may evaluate evidence without favoring any party and draw its own inferences and conclusions. Perhaps the significant authority is the ability to assess the credibility of witnesses when determining whether to grant or deny the motion for a new trial.
 
 Wyatt v. Red Stick Services, Inc.,
 
 97-1345, p. 12 (La.App. 3 Cir. 4/1/98), 711 So.2d 745, 752
 
 citing Morehead v. Ford Motor Co.,
 
 29,399, p. 5 (La.App. 2 Cir. 5/21/97), 694 So.2d 650, 655,
 
 writ denied,
 
 97-1865 (La.11/7/97), 703 So.2d 1265. When the trial court is convinced by its examination of the facts that the judgment would result in a miscarriage of justice, a new trial should be ordered.
 
 Davis,
 
 00-0445 at p. 10, 774 So.2d at 93.
 

 As we stated, Mr. and Mrs. Lewis joined and pleaded with their motion for new trial an alternative motion for JNOV.
 

 JNOV
 

 A JNOV is warranted when the facts and inferences point so strongly and overwhelmingly in favor of one party that the trial court believes that jurors could not arrive at a contrary verdict. The motion should be granted only when the evidence points IfjSO strongly in favor of the moving party that reasonable men could not reach different conclusions, not merely when there is a preponderance of evidence for the mover. The motion should be denied if there is evidence opposed to the motion that is of such quality and weight that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions.
 
 Joseph v. Broussard Rice Mill, Inc.,
 
 00-0628, p. 4 (La.10/30/00), 772 So.2d 94, 99.
 

 When contemplating a JNOV, the trial court is prohibited from weighing evidence, making credibility determinations, drawing inferences therefrom, or substituting its own factual conclusions for those of the jury. Additionally, questions of fact should be resolved in favor of the non-moving party.
 
 Templet v. State ex rel. Dept. of Transp. and Development,
 
 00-2162, p. 6 (La.App. 1 Cir. 11/9/01), 818 So.2d 54, 58. The trial judge is not entitled to interfere with the verdict simply because he believes another result would be correct.
 
 See Davis,
 
 00-0445 at pp. 12-13, 774 So.2d at 95. This rigorous standard is based on the principle that “[w]hen there is a jury, the jury is the trier of fact.”
 
 Joseph,
 
 00-0628 at 5, 772 So.2d at 99.
 

 The instant case is nearly identical in its facts to those presented to the Fourth Circuit in
 
 Pattison v. Valley Forge Insurance Company,
 
 599 So.2d 873 (La.App. 4 Cir.),
 
 writ denied,
 
 604 So.2d 1001 (La.1992). In
 
 Pattison,
 
 the jury found that the plaintiff had sustained injury as a result of the accident sued upon, but failed to award plaintiff either general or special damages. On appeal, the Fourth Circuit held that the jury’s responses to the inter
 
 *974
 
 rogatories posed on the verdict form were not inconsistent where the record indicated that the jury was made aware, prior to its deliberation, that Valley Forge, plaintiffs uninsured motorist carrier, had unconditionally tendered a total of $40,000.00 to plaintiff for his injuries and that it had paid plaintiffs past medical expenses.
 
 [3]
 

 Id.,
 
 599 So.2d at 875.
 

 | 6As in
 
 Pattison,
 
 the jury in the instant case was well aware that Mrs. Lewis’ uninsured motorist carrier, State Farm, had issued two separate, unconditional tenders totaling $27,500.00, in addition to a $10,000.00 settlement Mrs. Lewis received from the liability insurer. The record reflects that in responding to questions put to Mrs. Lewis by her attorney, Mrs. Lewis acknowledged State Farm had paid approximately $3,000.00 of her medical expenses. In addition, Mrs. Lewis’ attorney extensively questioned Ann McClendon, a State Farm auto claim representative with 30-years experience, regarding her evaluation of Mrs. Lewis’ claim and tender offer.
 

 Upon review of the record, we find the jury’s responses to the questions posed in the jury interrogatories are not inconsistent. Although the jury found Mrs. Lewis had been injured in the December 9, 2005 automobile accident, it is apparent that the jury believed the sum of $37,500.00 previously received by Mrs. Lewis was sufficient to compensate her for her injuries. Additionally, the jury specifically found that State Farm did not arbitrarily or capriciously refuse to tender a reasonable amount of damages to Mrs. Lewis.
 

 For the above and foregoing reasons, we affirm the judgment of the trial court and assess all costs associated with this appeal against plaintiffs-appellants, Debra A. Lewis and Anthony P. Lewis. We issue this memorandum opinion in accordance with Uniform Rules — Courts of Appeal, Rule 2-16.1 B.
 

 AFFIRMED.
 

 GUIDRY, J. dissents.
 

 [1]
 

 . Mr. and Mrs. Lewis allege $3,549.79 of this amount was deducted by Safeway and forwarded to State Farm for reimbursement of medical payments made on behalf of Mrs. Lewis. As a result, Mrs. Lewis received $6,540.21.
 

 [2]
 

 . A copy of this court’s ruling is not contained in the record of this matter.
 

 [3]
 

 . It should be noted that Mr. and Mrs. Lewis, in their brief to this court, argue that the Fourth Circuit's decision in
 
 Pattison,
 
 "significantly departs” from decisions rendered by this court regarding this issue. In support of this contention, Mr. and Mrs. Lewis cite
 
 Harper v. Boudreaux,
 
 496 So.2d 439 (La.App. 1 Cir.1986). Unlike the facts presented by the instant case and those in
 
 Pattison,
 
 the
 
 Harper
 
 decision was based upon a liability claim rather than an uninsured motorist claim, and the jury had no knowledge of prior settlements and tenders by the uninsured motorist carrier.