364 So.2d 213 (1978)
Anthony WOODS
v.
CUMIS INSURANCE SOCIETY INC. and Cornelius Edinburgh.
No. 9467.
Court of Appeal of Louisiana, Fourth Circuit.
October 12, 1978.
Law Offices of James G. Kambur, Preston G. Sutherland, New Orleans, for plaintiff-appellant.
Porteous, Toledano, Hainkel & Johnson, Henry Leon Sarpy, New Orleans, for defendants-appellees.
*214 Before SAMUEL, BOUTALL and SCHOTT, JJ.
SCHOTT, Judge.
This case arose out of a collision between automobiles owned and operated by plaintiff and defendant Edinburgh while both were proceeding in the same direction along North Galvez Street in New Orleans. It was tried to a jury on the following special interrogatories which the jury answered as follows:

 "1. Do you find that the plaintiff,
 Mr. Woods, was negligent? Yes x No __
 2. If your answer to No. 1 is `yes'
 was Mr. Wood's negligence the
 proximate cause of the accident? Yes x No __
 3. If your answer to Nos. 1 and 2
 is `yes' you need not answer the
 following questions.
 4. Do you find that Mr. Edinbergh
 was negligent? Yes x No __
 5. If your answer to No. 4 is `yes'
 was Mr. Edinbergh's negligence
 the proximate cause of the
 accident? Yes x No __
 6. If your answers to Nos. 4 and 5
 are `yes' how much do you
 award to Mr. Woods:
 For pain and suffering: $ 0 
 For property damage: $ 221.00 
 For loss of wages: $ 0 
 For medical expenses: $ 0 "

The trial judge thereupon signed a judgment dismissing plaintiff's suit.
In this appeal plaintiff seeks a new trial based upon the theory that the trial judge failed to apply the last paragraph of LSA-C.C.P. Art. 1812, which provides as follows:
"When the answers are inconsistent with each other and one or more is likewise inconsistent with the general verdict, the court shall not direct the entry of judgment but may return the jury for further consideration of its answers or may order a new trial."
We agree with plaintiff that the quoted paragraph was applicable. The answer to the sixth interrogatory was inconsistent with the answers to the first and second. Thus, the trial judge was prohibited from directing entry of judgment in defendant's favor but was given the option of either returning the jury for further consideration of its answers or ordering a new trial. The question now is whether to remand the case for a new trial as plaintiff urges or to decide the case on the record before us.
In Gonzales v. Xerox Corporation, 320 So.2d 163 (La.1975), the Supreme Court reversed a Court of Appeal judgment, remanding the case for a new jury trial because of reversible error in the jury instructions of the trial court. Agreeing that the instructions were erroneous, the Supreme Court remanded the case to the Court of Appeal for a decision on the record, reasoning that this followed from the constitutional grant of jurisdiction to Courts of Appeal to review facts as well as law in civil cases. The court also based its decision on consideration of judicial economy. The same result was reached in Couto v. Oms, 323 So.2d 128 (La.1975). For us to remand the instant case for a new trial would be inconsistent with the cited cases.
As a practical matter, had the trial court returned the jury for further consideration and had the jury then retracted their answer to the sixth interrogatory and returned a general verdict for the defendant our function as an appellate court would be the same as it is now, i. e., to review the facts.
The entire trial consisted of the testimony of plaintiff, Edinburgh, and a police officer. Plaintiff maintained that he was proceeding in the right lane when defendant came over from the left lane and sideswiped him. Defendant testified that he was at all times in the left lane when plaintiff's left rear hooked on to defendant's right front bumper. The only way for both drivers to have been negligent was for them to come together between lanes which neither maintained. It seems clear that the accident happened in one lane or the other and the driver who encroached on the other was solely negligent.
*215 The police officer testified that he arrived on the scene 30 minutes after the accident (not the incredible three hours later which defendant said) and found the two vehicles in the right lane with Edinburgh's on an angle indicating that it had come from the left lane, and plaintiff's wholly within the right lane with skid marks trailing behind and also within the right lane.
Edinburgh testified that he had moved his vehicle from the left lane and parked at the curb on the right side ahead of plaintiff's car before the officer arrived, and that plaintiff also moved his car before the policeman arrived. However, plaintiff stated that his automobile was not moved before the officer arrived.
Thus, the record presents a clear and direct conflict between the versions presented by the parties under circumstances where one or the other must be believed and the other rejected. The jury reached an impossible conclusion and ignored the testimony of the one disinterested witness, the police officer, who placed the collision in the right lane thereby totally rejecting defendant's version and accepting plaintiff's. Under these circumstances, we have concluded that the judgment must be reversed. A similar approach was taken by this court in United Service Auto Ass'n v. Travelers Ins. Co., 255 So.2d 418 (La.App. 4th Cir. 1971).
Plaintiff suffered cervical and lumbar strain evidenced by muscle spasms which continued from April, when the accident occurred, until July. He was finally discharged by his physician in September after treatment which consisted of injections and moist heat application. He incurred a medical bill of $565. We have concluded that he is entitled to an award of $3,000 for general damages and the $221 for his automobile damage.
Accordingly, the judgment appealed from is reversed and there is judgment in favor of plaintiff, Anthony Woods, and against defendant, Cumis Insurance Society, Inc. and Cornelius Edinburgh, jointly and in solido, in the sum of $3,786 with interest from the date of judicial demand until paid, and for all costs including the costs of this appeal.
REVERSED AND RENDERED.