418 So.2d 36 (1982)
Juanita T. Odendahl, wife of/and Paul E. ODENDAHL
v.
Kyle C. WILD, Kyle C. Wild, Jr. and United Services Automobile Association.
No. 13013.
Court of Appeal of Louisiana, Fourth Circuit.
July 7, 1982.
*37 Stephen B. Murray, Murray, Murray, Ellis, Braden & Landry, New Orleans, for plaintiffs-appellants.
Timothy G. Schafer, Schafer & Schafer, New Orleans, for defendants-appellees.
Before BYRNES, WARD and WILLIAMS, JJ.
WARD, Judge.
This suit arises from an automobile accident that occurred in December 1978, when Kyle C. Wild, Jr., while driving his father's automobile, struck the automobile driven by Juanita Odendahl. Juanita and Paul Odendahl filed suit to recover property damage to the community automobile and medical expenses, and Juanita Odendahl sued to recover damages for her personal injuries. Trial was before a jury, and after hearing the evidence, the jury rendered its verdict in favor of Paul and Juanita Odendahl. In response to special interrogatories, the jury itemized damages and awarded $1,029.00 for damage to the automobile and $900.00 for medical expenses. The jury did not award damages to Mrs. Odendahl for personal injuries or for pain and suffering. After trial Mrs. Odendahl asked the Trial Judge to add damages for her personal injuries to the jury's award or to order a new jury trial limited to the issue of compensation for those injuries. The Trial Judge denied her request and rendered his judgment, based on the jury verdict, only for the property damages and medical expenses. Although the judgment was against Kyle C. Wild, Jr. and his father, Kyle C. Wild, and his father's insurer, United Services Automobile Association, they have not appealed, but Mrs. Odendahl has.
The issue in this appeal is whether the Trial Judge erred when he denied her motion for additur or a new trial. Mrs. Odendahl argues that since the jury awarded compensation for medical expenses, it should have awarded damages for her personal injuries, pain, and suffering which brought about the medical expenses.
It is error of law to award special damages for medical expenses and nothing for personal injury, pain and suffering. When the trier of fact, either judge or jury, itemizes damages for medical expenses, as in this case, and omits damages for personal injury, pain and suffering, the error of law is apparent. Roy v. Schneider, 367 So.2d 1314 (La.App. 4th Cir. 1979); Robinson v. General Motors Corporation, 328 So.2d 751 (La.App. 4th Cir. 1976). In this case, the jury erred when it did not award damages for personal injury, and the Trial Judge, therefore, erred when he did not grant additur of damages to the jury award.
Judicial economy requires this court to make an award for those damages. Woods v. Cumis Insurance Society, Inc., 364 So.2d 213 (La.App. 4th Cir. 1978). The scope of appellate court authority is limited, however, and an appellate court may amend a district court judgment by awarding only those damages which would be reasonably within the discretion of the lower court. Reck v. Stevens, 373 So.2d 498 (La.1979).
In considering damages to be awarded, we have reviewed Mrs. Odendahl's medical *38 history, and a brief description of that history is necessary. Mrs. Odendahl injured her back in an automobile accident that occurred in 1974. Dr. James Williams, an orthopedic surgeon, treated her for those injuries. In 1974, his diagnosis was that Mrs. Odendahl had a pre-existing degenerative spinal bone structure, an osteoarthritic condition, and an acute injury to that area.
In December 1978, immediately after this accident, Mrs. Odendahl experienced pain, stiffness and muscle spasm in her lower back. She went to the emergency room at Mercy Hospital where she was examined, x-rays were taken, and she was given medication. Shortly thereafter she was referred by her treating physician to an orthopedic surgeon, Dr. Chris DiGrado. In April 1980, at the request of defense counsel, Dr. James Williams again examined her in preparation for trial.
During trial Mrs. Odendahl testified and described her injuries and her continuous pain and the changes in her normal activities. Dr. DiGrado testified and described his diagnosis: an acute lumbar sprain superimposed on pre-existing spondylolisthesis, a degenerative arthritic condition, and a disease of the disc between the vertebrae. His opinion was that the present accident had aggravated her pre-existing spondylolisthesis, and further, that Mrs. Odendahl would continue to have back pain even after the muscle spasms from the sprain resolved. On cross-examination, however, he testified that the continuing back pain could result from the degenerative spondylolisthesis and that he could not distinguish which condition would produce her continuing residual back pain.
Dr. Williams testified that when he examined Mrs. Odendahl after the first accident, he diagnosed a degenerative disease in the lumbar spine and an acute sprain from that accident. After treatment Mrs. Odendahl had recovered from the acute sprain, but she continued to complain of pain in her back. At that time, his opinion was that she would never been free of pain. When he examined her in April 1980, she complained of intermittent low back pain. There were, however, no signs of acute injury, and his opinion was that her symptoms and complaints were consistent with her chronic back condition and not caused by the accident. He based his opinion on x-rays that showed a degenerative disc disease resulting from the normal progression of her back condition.
Since Mrs. Odendahl has proven personal injury, a lower back sprain that caused pain and suffering for four months, we award $4,000.00 damages for those injuries, which we believe to be the lowest award within the reasonable discretion of the District Court, considering the particular injuries and their effects upon this particular person. Reck v. Stevens, supra.
For these reasons, we amend the Trial Court judgment to include that amount. Otherwise, we affirm and assess cost of both trial and appeal to defendants.
AMENDED AND AFFIRMED.