435 So.2d 1030 (1983)
Judith A. Curry, wife of/and Eric T. CURRY, Individually and on Behalf of their minor child, Erica Joy CURRY
v.
ALLSTATE INSURANCE COMPANY.
No. CA-0600.
Court of Appeal of Louisiana, Fourth Circuit.
June 3, 1983.
Rehearing Denied August 23, 1983.
*1031 Klein & Rouse, Gary J. Rouse, Henry L. Klein, New Orleans, for plaintiffs-appellants.
V. Charles Cusimano, Chalmette, for defendant-appellee.
Before GULOTTA, SCHOTT and CIACCIO, JJ.
GULOTTA, Judge.
Plaintiffs, injured in an automobile accident, appeal the dismissal of their suit for uninsured motorists benefits under their insurance policy. Plaintiffs contend that the trial judge erred in adopting the jury's failure to award monetary damages for objective injuries proximately caused by the uninsured motorist's negligence. We agree. Accordingly, we reverse.
The fault of the uninsured motorist and the existence of coverage under plaintiffs' insurance policy were not in serious dispute. The issues before us are whether plaintiffs are entitled to monetary awards and, if so, their amounts.
After finding that the uninsured motorist's negligence had proximately caused plaintiffs' injuries and the plaintiff driver was not comparatively negligent, the jury wrote "0", in response to interrogatories asking what dollar amount of damages would compensate plaintiffs. The trial judge made the verdict the judgment of the court, and dismissed the plaintiffs' demands.
Although a jury has much discretion in assessing damages, it errs as a matter of law in refusing to award general damages for objective injuries. See Robinson v. General Motors Corporation, 328 So.2d 751 (La. App. 4th Cir.1976); Odendahl v. Wild, 418 So.2d 36 (La.App. 4th Cir.1982); Brown v. *1032 Grigsby, 394 So.2d 847 (La.App. 3rd Cir. 1981); Griffin v. Bethard, 398 So.2d 639 (La.App. 3rd Cir.1981). In our case, perhaps the jury misinterpreted the defendant-insurer's stipulated, earlier payment of plaintiffs' medical bills to mean that plaintiffs were not entitled to any further monetary damages.
In assessing general damages where the jury has erroneously awarded none, this court and the Third Circuit have uniformly held that the appellate court [under the guidelines of Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976) and Reck v. Stevens, 373 So.2d 498 (La.1979)] must award the lowest amount that the jury reasonably could have determined in its discretion. See Odendahl v. Wild, supra; Brown v. Grigsby, supra.
We are mindful that in the above-cited cases the appellate courts amended verdicts of only special damages to include an award of general damages, whereas, to achieve the same result in our case, we must reverse the trial court's dismissal of plaintiff's suit and render a new judgment. Nonetheless, this procedural distinction is of no legal significance to our assessment of damages. The jury in our case has committed the same error of law in failing to award general damages as those in the cited cases, and thus the same standard of appellate review applies. Indeed, in Moss v. Security Nat. Ins. Co., 350 So.2d 247 (La. App. 3rd Cir.1977), writ denied 352 So.2d 239 (La.1977), the Third Circuit applied the guidelines of Coco, supra, in assessing general damages upon reversing a jury's award of "No Amount", where a plaintiff had sustained objective injuries and the only issue at trial was the extent of his damages.
Turning now to a consideration of the plaintiffs' injuries in our case, we note that in the accident on June 17, 1981, twenty-three year old Judith Curry, sustained a sprained left ankle, a cervical sprain, a forehead abrasion, and a contusion and hematoma of her left knee. When examined five days later by Dr. Walter Brent, Jr., an orthopedic surgeon, she could stand on her ankle with pain, but could not walk without the aid of crutches. Dr. Brent prescribed medications to reduce the pain, spasm, and inflammation. He described plaintiff's neck and upper back injuries as "whiplash", and the neck sprain as "severe".
On a June 30 visit to Dr. Brent, plaintiff exhibited neck spasm and tenderness, but no abnormal neurological or disc findings. Her ankle swelling had decreased, and Dr. Brent recommended that she gradually walk without her crutches.
By July 6, 1981, plaintiff's ankle was still slightly discolored, and Dr. Brent recommended slow rehabilitation without active participation in sports.
Mrs. Curry underwent traction therapy sessions for one week at Hotel Dieu Hospital in July as an out-patient. On a July 28 visit to Dr. Brent, she complained of increased pain in her neck while attempting to play volleyball. By her final visit on November 2, 1981, however, she was on milder anti-inflammatory drugs and complained only of occasional neck or back ache.
Plaintiff's forehead cut healed within one week, and her knee injury resolved within six weeks post-accident. Although he was unable to determine the extent of plaintiff's disability, Dr. Brent testified that some back problems could continue for "a couple of years", and that it would not be surprising if plaintiff occasionally had ankle and back pains depending on the intensity of her activities in athletics and her secretarial job.
Mrs. Curry, a sports enthusiast, missed one weeks' work, was on crutches for three weeks, and had to refrain from athletics for about six weeks as a result of the accident. She testified that her ankle bothers her in cold weather, and that she suffers back pains after prolonged sitting at her secretarial job. Her testimony was corroborated by her husband and her employer.
Erica Curry, plaintiff's four year old daughter who was a passenger in her mother's car, sustained a forehead contusion and laceration requiring two sutures. Although Erica's injuries healed within two weeks, *1033 her parents testified that she suffered anxiety about automobiles for three months post-accident and still does occasionally.
Considering the evidence, we conclude that $7,000.00 is the lowest amount that could reasonably have been awarded in general damages to Mrs. Judith Curry, and $1,000.00 to her daughter Erica.
Having so concluded, we reverse and set aside the judgment dismissing plaintiffs' suit.
Judgment is now rendered in favor of plaintiff Judith A. Curry, and against defendant, Allstate Insurance Company, in the sum of SEVEN THOUSAND AND 00/100 ($7,000.00) DOLLARS, together with legal interest from date of judicial demand until paid and for all costs. Judgment is further rendered in favor of plaintiff Judith A. Curry, wife of/and Eric T. Curry on behalf of their minor child, Erica Joy Curry and against defendant, Allstate Insurance Company, in the sum of ONE THOUSAND AND 00/100 ($1,000.00) DOLLARS, together with legal interest from date of judicial demand until paid and for all costs.
REVERSED AND RENDERED.

ON APPLICATION FOR REHEARING
PER CURIAM.
In an application for rehearing, defendant Allstate Insurance Company properly points out that our opinion erroneously stated that payment of plaintiffs' medical bills had been "stipulated". There was no stipulation regarding the payment of medical expenses. It is indeed more accurate to say that the defendant acknowledged in closing argument that the medical expenses "... have been paid by Allstate."
Defendant also correctly notes that we erroneously attributed to Dr. Brent a description of Judith Curry's neck injury as a "whiplash". The term "whiplash" was used by the attorney questioning Dr. Brent and was not used by the testifying physician to characterize Mrs. Curry's neck problem.
We likewise acknowledge an error in our factual description of Mrs. Curry's visit to Dr. Brent on June 30, 1981. Our opinion states that she "exhibited neck spasm and tenderness...." A correct statement of the facts is that she "manifested neck pain and tenderness...."
Although these inaccuracies do not change the result of our holding, nonetheless, accuracy requires clarification.
Accordingly, the application for rehearing is denied.