ARMSTRONG, Judge.
Plaintiff, Michael Morris, appeals the quantum of the jury award in this personal injury cause of action. Defendants, New Orleans City Park Improvement Association and C.N.A. Insurance Company, appeal the trial court’s refusal to grant judgment notwithstanding the verdict. We affirm.
Plaintiff, Michael Morris, and others were passengers on the miniature train located in New Orleans City Park on August 2, 1987. During the tour, one of the wheels of the train slipped from the track and Morris alleges he suffered numerous personal injuries, including back, neck and knee injuries.
Subsequently, Morris sued City Park and its insurer alleging that he sustained personal injuries caused by the negligence and strict liability of City Park. Following a jury trial the trial court granted a directed verdict in favor of City Park and its insurer on the Article 2317 strict liability issue after it was determined that City Park had no prior knowledge of any defect with respect to the train or its track.
During deliberation the jury requested information from the Court, wherein the Court entered the deliberating room in the presence of all counsel. The jury foreman requested the total amount of medical bills which were presented at trial. The court responded that the amount of medical expenses alleged was $7,110.00.
Upon return, the jury found that City Park was negligent, that the negligence was a proximate cause of the injuries to Mr. Morris and the amount of damages awarded was $7,110.00. After entry of the judgment, both parties moved for respective judgments notwithstanding the verdict. Each was denied by the trial court. Morris then took this appeal on the contention that the jury award was inadequate.
Subsequently, City Park and CNA Insurance Company answered Morris’ appeal seeking reversal of the trial court’s finding of liability based upon a contention that Morris failed to prove any negligence on the part of City Park and/or its employees and if the court should find negligence that there is no showing of a causal connection between its negligence and the alleged injuries sustained by the plaintiff.
Morris relies on several cases which he claims establish that it is error for a court to make a judgment which awards special damages and nothing for pain and suffering. Odendahl v. Wild, 418 So.2d 36 (La.App. 4th Cir.1982); Martin v. Hertz Corp., 533 So.2d 1365 (La.App. 3rd Cir 1988), writ denied, 535 So.2d 746 (La.1989); Curry v. Allstate Insurance Company, 435 So.2d 1030 (La.App. 4th Cir.1983); and Bienvenu v. State Farm, 545 So.2d 581 (La.App. 5th Cir.1989).
Morris asserts that when a jury award is voided because of legal error, the appellate court is authorized to undertake an independent evaluation and fix a de novo quantum award. Bridevaux v. Marchand, 543 So.2d 930 (La.App. 1st Cir.1989); Bufkin v. Mid American Indem-Co., 528 So.2d 589 (La.App. 2d Cir.1988).
*631 Morris contends that he adequately-proved his damages including initial treatment by Dr. Donald Gordillo, arthroscopic surgery on his right knee and three months post-surgery treatment and therapy provided by Dr. Ploger and a 5% permanent disability of his right knee. Considering current jurisprudence, Morris maintains that a reasonable general damage award for similar injuries ranges from $25,000.00 to $30,-000.00. See Edmond v. Market Basket Stores, Inc., 479 So.2d 1020 (La.App. 3d Cir.1985); Cooley v. Allstate Insurance Company, 443 So.2d 739 (La.App. 4th Cir.1984), writ denied, 446 So.2d 1229 (La.1983). See also London v. Bell, 422 So.2d 260 (La.App. 4th Cir.1982).
Morris alleges that if one looks at his total medical picture, including his previous spinal cord injury and disability, his injury was much more severe than an ordinary person with no previous disabilities. He argues that the minimum amount of damages which should be awarded for pain and suffering, including knee surgery, the back injury and future disability, range from $40,000.00 to $45,000.00.
City Park contests the assumptions made by Morris. First, it argues that there is nothing to indicate that the jury intended its award to be for special damages only. True, the jury was instructed that Morris had $7110.00 in outstanding medical bills. But City Park asserts that the jury may have offered a lump sum award in that amount only as a compromise to Morris; in that they found City Park liable for some negligence but did not accept his allegations regarding the extent of that liability.
City Park cites Hart v. Allstate Insurance Company, 437 So.2d 823 (La.1983) in arguing that before the trial court’s award is disturbed this court must find that the jury accepted Morris’ contention that the knee injury was caused by the accident and failed to award him any general damages for his injury. City Park argues that the issue of causation was raised from the outset of the trial. Dr. Claude Williams testified that the post-surgery pathological findings relative to Morris’s knee were compatible with an injury which may have been sustained years prior to this surgery. Further, Dr. Williams testified that Morris may have had an old injury to his knee which was not initially serious, but which became exacerbated when he applied additional stress to his right knee because of the injuries he sustained in a shooting incident which preceded the train accident.
Morris’ treating physician, Dr. Wilmont Ploger, testified that he could not unequivocally state that this knee injury was caused by the train incident. Dr. Ploger admitted that his opinion relative to the causation was based solely upon the history given to him by Michael Morris.
City Park argues that not even Morris’ witnesses supported his claim that he sustained a trauma to his right knee as a result of this accident. Morris’ old girlfriend, Patricia Toussaint, was also a passenger on the train on the date in question. While Ms. Toussaint testified that she was jostled about a bit and that she observed Morris’ knee hit a metal object within the car, she specifically said that the knee involved in this impact was his left knee, not his right knee.
Morris testified that he didn’t even bang his knee within the car, but that he injured his knee while falling out of the car onto the ground. However, Blanche Romain and Patricia Toussaint, Morris’ only witnesses, testified that Morris did not fall from the train. Given the failure of Morris’ own witnesses to corroborate his version of the incident, City Park argues that the jury had no reason to believe that this knee injury was caused by the train incident.
With regard to the issue of damages, City Park argues that the verdict reflects a lump sum award. Following the reading of the jury’s verdict, the Court questioned the jury foreman as follows:
The Court: That was the total amount of the award?
Mr. Ayler: Yes.
The Court: Not just the medical bills, but the total amount that you wanted to award, is that correct?
Mr. Ayler: Right.
*632 As reflected by this exchange, the jury understood the court’s charges and it reached a proper verdict as to the amount of damages. The jury learned that Mr. Morris had outstanding bills in excess of $7,000.00. After finding liability it may have wanted to give Morris money to pay off his medical bills whether they were related to the train incident or not.
City Park distinguishes this case from the cases cited by Morris. In Odendahl v. Wild, supra the jury verdict was in response to special interrogatories that itemized general and special damages. Martin v. Hertz Corporation, supra and Bienvenu v. State Farm, supra are other cases where the jury specifically awarded special damages and failed to give any award whatsoever for general damages. In Curry v. Allstate Insurance Company, supra, the jury found liability on the part of the defendant and failed to award any damages whatsoever.
The record establishes that there is some issue of causation between the knee injury and the train accident. Therefore a total award of $7,110.00 was within the jury’s discretion.
II
City Park argues that the jury’s finding of liability is unsupported by the evidence and should be overturned. It argues that Morris presented no credible evidence to prove that City Park and/or its employees were negligent in any respect. City Park further submits that there is no causal connection between Morris’ injuries and any acts by City Park or its employees construed as negligence.
Nina Parks, the train engineer, testified that she had travelled around the park approximately 14 times on the train prior to this incident. She testified that at the time of the derailment she was travelling no faster than two miles per hour.
City Park offered objective testimony from the only independent fact witness, Dr. Catherine Cusick. Dr. Cusick is a professor of anatomy at Tulane University Medical School who was riding the miniature train with her son on the date in question. She felt that the train was being operated in a careful and proper manner. She testified that immediately prior to reaching the intersection where the incident occurred, “the driver slowed to a virtual stop; it was going at a very slow rate of speed. I was, in fact, surprised that there was such a deceleration in the ride at that point and I think that somebody walking or jogging could have passed the train as we proceeded to the intersection.”
In Oswald v. Rapides Iberia Mgmt. Ent., 452 So.2d 1258 (La.App. 2d Cir.1984), writ denied, 457 So.2d 14 (La.1984), the Court held that the elements of a cause of action under Civil Code Article 2315 are fault, causation and damage. City Park argues that even if this court were to determine that negligence had been established there is absolutely no evidence which indicates that these acts bore any causal relationship to Morris’ injury. This causal relationship between the defendant’s conduct and the plaintiff’s alleged injuries may not be established by speculation or assumptions which cannot be inferred from the facts. Am. Wholesale Jewelers v. American Druggists’ Insurance, 457 So.2d 244 (La.App. 3d Cir.1984), writ denied, 461 So.2d 316 (La.1984). City Park argues Morris failed to proved causation.
We decline to reverse the jury on the liability issue. It is uncontroverted that the train derailed, that its passengers were jostled and tossed about. Morris, who was recovering from a gun shot injury, began to complain for the first time about his knee, as well as his back and his neck, after the train accident. There was conflicting testimony regarding the source of the knee injury and the extent of the knee injury. The jury reached the obvious conclusions; that City Park was at fault for the train’s derailment and it was liable to Morris. We find that the jury’s verdict was based on facts in evidence.
For the foregoing reasons, the trial court’s judgment is affirmed.