|1BARRY, Judge.
Kenneth Nuckley was injured while using a weightlifting machine in defendant’s health club. The jury apportioned 50% fault to Nuckley, 49% to Gail M. Woods, Inc., d/b/a Crescent City Meraux Health and Racquetball Club, and 1% to an unnamed, unidentified party. The jury awarded $10,000 for future medical expenses but no general damages, and the trial court denied Nuckley’s motion for a judgment notwithstanding the verdict. The issues are quantum and apportionment of fault.

FACTS

Nuckley testified that on June 20, 1991 he was lifting weights on a curling machine at the health club. He set the machine on 90 pounds of resistance by inserting a pin into the appropriate weight. As Nuckley pulled the lift bar toward his body, the turnbuckle (a link in the lifting chain) disengaged from the chain, which caused the weights to fall and the lift bar to become weightless. Due to the sudden decrease of resistance the bar hit Nuckley’s nose. Nuckley ^testified that the impact stunned him and cut his nose, but he walked away after about ten minutes.
Dr. Michael Ellis, an expert otolaryngologist (ear, nose and throat specialist), examined Nuckley on August 5, 1991 (several weeks after the accident) and diagnosed a mild deviated septum. Dr. Ellis testified that he previously operated on Nuckley in 1988 to correct a severe deviated nasal septum and that surgery was successful.
Nuckley was injured in an automobile accident on August 25, 1991, two months after the accident at the health club. He testified that he is still under a doctor’s care for those injuries but he has no physical restrictions.
The jury’s interrogatories found that the defendants, Nuckley, and an unnamed third party were negligent and the machine was defective. The jury awarded $10,000 for future medical expenses, and zero for pain and suffering, mental anguish, and future lost wages.

GENERAL DAMAGES

Nuckley asserts that the jury erred by not awarding general damages. That argument has merit.
A jury has much discretion in assessing damages; however, it is an error of law to omit general damages for objective injuries. Gormley v. Grand Lodge of State of Louisiana, 503 So.2d 181, 185 (La.App. 4th Cir.), writ den. 506 So.2d 1227 (La.1987); Curry on Behalf of Curry v. Allstate Insurance Co., 435 So.2d 1030, 1031 (La.App. 4th Cir.1983).
This Court has authority to award damages when the trial court erroneously fails to do so and the record supports an award. Boudreaux v. Schwegmann Giant Supermarkets, 585 So.2d 583, 590 (La.App. 4th Cir.1991), |3writs den. 590 So.2d 593, 595 (La.1992). General damages are determined on a case by case basis and involve physical and mental pain and suffering, inconvenience, loss of intellectual gratification or physical enjoyment, and other factors that affect the victim’s life. Bernard v. Royal Insurance Co., 586 So.2d 607, 617 (La.App. 4th Cir.) writ den. 589 So.2d 1058 (La.1991). Factors to be considered in assessing quantum for pain and suffering are severity and duration. Id. See La.C.C. art. 1999.
Nuckley testified that he has difficulty breathing at night and headaches. It is not clear whether the health club accident caused the headaches, and Nuckley did not testify as to their severity or duration. He saw Dr. Ellis once after the health club accident and complained of nasal congestion but not headaches. Dr. Ellis diagnosed a mild deviated septum and testified that the congestion is due to the deviation and possibly *842 due to an allergy. Nuckley was a marathon runner and testified that he ran 30-40 miles per week before the health club accident but cannot run long distances since that accident. Nuckley’s running partner, Larry Doyle, said that Nuckley complained of breathing difficulty after the health club accident and could not run more than three miles.
The record shows that Nuckley has a mild deviated septum and nasal congestion since the health club accident and he cannot run a long distance. We set $5,000 as the least amount that can be reasonably awarded for general damages. Compare Landy on Behalf of Landy v. Smith, 542 So.2d 731 (La. App. 4th Cir.1989), in which this Court affirmed $4,500 for a laceration that required stitches and left a scar on the bridge of plaintiffs nose and a possible |4non-displaced fracture; and Thompson v. Hodge, 577 So.2d 1172 (La.App.2d Cir.1991), which affirmed $4,035 for a broken nose and deviated septum.

FUTURE MEDICAL EXPENSES

Defendants appeal the award of $10,000 for future medical expenses and alternatively seek a reduction to $4,400 plus a general damage award of $5,600. That argument has no merit.
Future medical expenses need not be established with mathematical certainty. Burton v. Berthelot, 567 So.2d 649, 663 (La. App. 4th Cir.), writ den. 569 So.2d 989 (La.1990). However, they must be established with some degree of certainty and the plaintiff- must show that expenses more probably than not will be incurred. Harris v. Tenneco Oil Co., 563 So.2d 317, 327 (La.App. 4th Cir.), writ den. 568 So.2d 1062 (La.1990).
Dr. Ellis testified that surgery is warranted if Nuckley complains of the deviated septum. He stated that a slight difference in nose function can be important to an athlete. Dr. Ellis stated that the fee for surgery could be $1,400 and the surgical facility could range from $2,500 to $12,000. Dr. Richard Spector, expert otolaryngologist, testified that he would recommend conservative nonsurgical treatment but he is not opposed to surgery if Nuckley has breathing problems when running.
Nuckley said he is leery of surgery, but he has not undergone surgery due to intervening accidents (the August 1991 automobile accident and a work related accident involving his knee) and because of his wife’s illness and death.
Considering the experts’ testimony we have no basis to disturb the jury’s award of $10,000 for future medical expenses.

J¿FUTURE LOST WAGES

Nuckley argues the jury erred by failing to award future lost wages. We disagree.
The record does not establish that the surgery will require Nuckley to miss work or sustain loss of wages.

APPORTIONMENT OF FAULT

Nuckley contends the jury erred by finding he was negligent, by apportioning 50% fault to him and 1% fault to an unnamed party. He submits the defendants are solely at fault. We disagree.
This Court may not set aside a jury’s finding of fact unless it is manifestly erroneous. Stobart v. State, Department of Transportation & Development, 617 So.2d 880, 882 (La.1993). Our standard is whether the jury’s findings are reasonable in light of the entire record. Id. at 882-83. When a finding is based on a credibility determination, the manifest error standard demands great deference to the factfinder who has observed the witness’s demeanor and tone of voice which weighs heavily in favor of the factfin-der’s understanding of the testimony. Jefferson v. Costanza, 628 So.2d 1158, 1161 (La.App .2d Cir.1993).
Robert Lipp, expert in engineering mechanics, opined that the nuts on the turnbuckle could loosen due to insufficient torque, and when that happens, the turnbuckle can disengage due to normal wear and tear of the machine, improper lubrication and dropping or “banging” of the weights. He stated that persons other than Nuckley could have banged the weights. Lipp said the turnbuckle contained a design defect because *843 it was solid which prevented visual determination of how far the turnbuckle screws were advanced.
| r,Tommy O’Hare, expert mechanical engineer, testified that his tests on the machine did not support Lipp’s theory that banging of the weights caused the turnbuckle to loosen and disengage. He stated that extreme extension of the turnbuckle (from loosening of the screws) results in slack in the lifting chain and would have been noticeable by the user. O’Hare did not offer an opinion as to what caused the turnbuckle to disengage.
Nuckley testified that the chain was slack and that he did not report it because “it was like that for a year and a half.”
Gail Woods, owner of the health club, testified as to extensive cleaning and maintenance procedures. The machine was cleaned the morning of Nuckley’s accident, and the nuts and bolts had been checked the previous day.
There is no direct evidence that Nuckley banged the weights and loosened the nuts or otherwise caused the turnbuckle to disengage. Nonetheless, based on the testimony, we cannot say that the jury was clearly wrong in finding Nuckley 50% negligent. The jury may have inferred that Nuckley banged the weights because the turnbuckle disengaged while he was using the machine and that Nuckley was negligent by using the machine with a slack chain. The record supports a finding that prior users of the machine banged the weights, which resulted in a finding of 1% negligence to an unnamed and unidentified person. We have no basis to disagree.
The judgment is amended to award $5,000 for general damages, and as amended is affirmed.

AMENDED; AFFIRMED AS AMENDED.