**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 95-30811
Summary Calendar

ALBERTHA CHRISTOPH,

Plaintiff-Appellee,

versus

NORTHWEST AIRLINES, INC.,

Defendant-Appellant.

Appeal from the United States District Court
For the Eastern District of Louisiana
(94-CV-1148-I)

May 17, 1996

Before POLITZ, Chief Judge, HIGGINBOTHAM and BENAVIDES, Circuit Judges.

POLITZ, Chief Judge:[*]

Northeast Airlines, Inc. appeals a judgment on verdict, as modified by the trial court, on the state law negligence claim of Albertha Christoph. We affirm.

Background

On March 14, 1993, Albertha Christoph was a passenger on a Northwest Airlines flight from New Orleans to Michigan. Christoph, who is blind, was traveling to Michigan

_____

   [*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

to exchange her guide dog. Northwest assigned Christoph and her dog a bulkhead seat, which provided maximum leg room. The aircraft was filled to capacity, requiring Christoph and the dog to squeeze together sharing the space for one. Christoph was subjected to the pressure of the dog's body and collar against her leg. She did not inform the flight attendants, however, of her plight. Soon after her arrival in Michigan, Christoph was hospitalized for various conditions, including cellulitis of her leg.

Christoph filed suit against Northwest in state court, contending that the airline had negligently violated its own regulations regarding passengers traveling with service animals.[1] Northwest removed the case to federal court, where it was tried before a jury. The jury returned a verdict finding both parties negligent, assigning 80% of the fault to Northwest and 20% to Christoph. The verdict, while giving Christoph $5000 in general damages and $1000 for lost wages, denied Christoph recovery for her past medical expenses. The district court, however, granted Christoph's subsequent Rule 50 motion and amended the judgment to allow her full recovery of past medical expenses totaling $10,387.54. Northwest timely appealed.

## Analysis

Northwest first contends that Christoph's claim is expressly and impliedly preempted by section 1305(a)(1) of the Airline Deregulation Act,[2] and impliedly preempted by the Air

---

[1]   If a service animal cannot be accommodated at the seat location of the qualified disabled individual whom the animal is accompanying, Northwest shall offer the passenger the opportunity to move with the animal to another seat location, where the animal can be accommodated.

Northwest Airlines Manual, Transportation of Disabled Passengers, p.7.

[2] 49 U.S.C. § 1305(a)(1).

2

Carrier Access Act. This presents a question of law which we review *de novo*.[3]

In **Hodges v. Delta Airlines, Inc.**,[4] we discussed the parameters of the section 1305(a)(1) preemptive provision, stressing that although the express preemptive provision of the ADA prevented state regulation of airline "services," it did not reach actions for personal injury caused by the "operation and maintenance of aircraft."[5] In **Hodges** we held that the storage of certain luggage in overhead bins, and the proper monitoring of the bins by flight attendants, as "matters that pertain to the safe operation of a flight," fall within the realm of "operation and maintenance" and, accordingly, claims arising out of such conduct are not preempted by section 1305(a)(1).[6]

We see no meaningful distinction between the negligent conduct involved in **Hodges** and the facts at bar. Christoph suffered injury because her discomfort was not noticed by Northwest personnel and concomitantly no attempt was made to relocate her dog.[7] The negligent conduct did not relate to any "service" provided by the flight crew, but rather to the "safe operation" of the flight, i.e., proper monitoring of and care for the passengers' well-being.[8] We find no express preemption.

---

[3]**Morales v. Trans World Airlines, Inc.**, 504 U.S. 374, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992).

[4]44 F.3d 334 (5th Cir. 1995) (*en banc*).

[5]**Id.** at 336.

[6]**Id.** at 339.

[7]A representative of Northwest testified that Christoph and her dog could have been moved to a first class seat had the crew been aware of her difficulties in the coach section.

[8]Northwest attempts to bring Christoph's claim into the realm of section 1305(a)(1) preemption by claiming that the practical effect of her lawsuit is to require airlines to leave a seat open next to handicapped individuals traveling with service animals. Such a requirement would in effect mandate a state-sponsored seating policy, arguably the sort of regulation of services Congress intended to preempt. **Hodges**, 44 F.3d at 339-340. As we

We also find no merit to Northwest's contention that Congress, in passing the ADA and ACAA, so occupied the field of airlines regulation as to preempt impliedly Christoph's state law claims.[9] In enacting the ADA "Congress explicitly preserved airlines' duty to respond to tort actions, inferentially state law actions, for physical injury and property damage."[10] We discern nothing in the purpose or scope of either statutory scheme suggesting a countermanding intention.

Northwest next claims that the district court erred in finding it owed a duty to Christoph. We review the district court's determination *de novo*.[11] Under Louisiana law, which controls this diversity case, Northwest is a common carrier with a duty to protect its passengers from unsafe conditions.[12] The suggestion that it owed no duty to Christoph is not persuasive.

Northwest also questions the use of its own regulations as evidence of reasonable conduct under the circumstances. Louisiana law provides that regulations, along with

---

have stated, however, Christoph's complaint addresses the negligent conduct of the flight crew in monitoring her personal comfort and safety and in failing to relocate her and her dog. While Northwest and ADA regulations, and arguably other congressional acts addressing accommodation of the handicapped, counsel that adopting such a seating policy might be prudent, the imposition of tort liability in this instance does not mandate that Northwest provide seats for service animals. The fact that such a course of action might constitute reasonable care under the circumstances is insufficient to bring it within the scope of the preemptive shield.

[9]See **Hillsborough County, Florida v. Auto Medical Laboratories, Inc.**, 471 U.S. 707, 105 S.Ct. 2371, 85 L.Ed.2d 714 (1985).

[10]**Hodges**, 44 F.3d at 339, citing 49 U.S.C. § 1371(q).

[11]**Henderson v. Norfolk Southern Corp.**, 55 F.3d 1066 (5th Cir. 1995).

[12]**Green v. Taca International Airlines**, 304 So.2d 357 (La. 1974). Our review of the record reveals that the district court instructed the jury not on the heightened duty owed by common carriers but, rather, on the general tort duty of reasonable care under the circumstances. This seemingly erroneous instruction, inasmuch as it inured to the benefit of Northwest, provides no basis for questioning the verdict.

industry custom and common practice, may be considered by the jury in determining breach of the duty of reasonable care.[13] This assignment of error also lacks merit.

Finally, Northwest challenges the district court's Rule 50 order modifying the judgment to include an award of past medical expenses.[14] The jury found that Northwest was negligent, that this negligence was the legal cause of Christoph's injuries, and awarded Christoph $1000 for lost wages and $5000 for pain and suffering. The failure of any award for past medical expenses is clearly anomalous; the verdict awards general damages but provides no recovery for the actual expenses incurred in the medical treatment of the injuries sustained.[15] Northwest's contention that there was controverting evidence regarding whether Christoph's injuries were caused by its negligence, is gainsaid by the jury's finding of negligence and legal causation. Accordingly, we agree with the district court's conclusion that the jury's zero award for medical expenses, in light of the remainder of the verdict, was unreasonable.[16] In correcting this deficiency the district court did not err.

AFFIRMED.

---

[13]**Romero v. Mobil Exploration and Producing North America, Inc.**, 939 F.2d 307 (5th Cir. 1991).

[14]Northwest raises no claim in relation to its right to trial by jury under the seventh amendment.

[15]Such an inconsistent award of general and special damages is a *non sequitur* under Louisiana law and constitutes legal error properly corrected by a judgement n.o.v. **Verett v. Carline**, 93-0508 (La.App. Mar. 11, 1994, 634 So.2d 37); **Sumrall v. Sumrall**, 612 So.2d 1010 (La.App. 1993); **Odendahl v. Wild**, 418 So.2d 36 (La.App. 1982).

[16]See **Boeing Co. v. Shipman**, 411 F.2d 365 (5th Cir. 1969) (*en banc*). The district court expressed the opinion that the jury had been misled by his instruction regarding how Louisiana's collateral source rule should impact its treatment of Christoph's extrinsic insurance benefits. Whether the jury was so misled is not revealed by the record and hence does not factor into our consideration of this issue.