11 JONES, Judge.
This is an appeal by appellants, Alison Bower, Scott Bower, and Suzanne Bower Thomas from a judgment of the trial court denying appellant’s post-trial motions for Judgment Notwithstanding the Verdict (JNOV) and for New Trial as to damages only.
The sole issue presented by this appeal is whether the trial court’s denial of appellant’s Motion for Judgment Notwithstanding the Verdict and for New Trial as to damages only was proper in light of the jury’s determination that the defendant was negligent, but failed to award damages.
Appellants filed a medical malpractice suit against Jean Desse, M.D., and Louisiana Mutual Insurance Co. alleging negligence in the care and treatment of their mother, Alice Bower, while she was a resident at the Jo Ellen Smith Convalescent Center (JSCC). While under the care of Dr. Deese, Mrs. Bower developed decubitus ulcers on her head, hip, and both ankles and heels which eventually required the amputation of her right leg below the knee.
12After trial, the jury returned with answers to jury interrogatories wherein the jury concluded that Dr. Deese committed malpractice, and this malpractice had caused harm; however, the jury awarded zero damages to the deceased for pain and suffering and the loss of her leg, and zero Lejeune damages to her children.
Appellants timely filed post trial Motions for Judgment Notwithstanding the Verdict or for New Trial on damages only. The trial judge denied both motions, and appellants now appeal.
DISCUSSION
A Judgment Notwithstanding the Verdict is warranted when the facts and inferences point so strongly and overwhelmingly in favor of one party that the court believes reasonable men could not arrive at a contrary verdict. Anderson v. NOPSI, 583 So.2d 829 (La.1991).
LSA-C.C.P. art. 1972 provides that the trial court must grant a motion for new trial when the verdict is clearly contrary to the law and evidence.
We will first address appellants’ assignment of error as it relates to the Lejeune damages.
Damages for mental pain and anguish sustained by a person not directly injured are only recoverable under certain circumstances as set forth in Lejeune v. Rayne Branch Hospital, 556 So.2d 559 (La.1990). Claims for mental anguish arising out of injury to a third person are only allowable:
1. When a claimant views the accident or injury-causing event or come upon the accident scene soon thereafter and before substantial change has occurred in the victim’s condition;
2. When the direct victim of the traumatic injury suffers such harm that it can reasonably be expected that one in the plaintiff’s position would suffer serious mental anguish from the experience;
3. The emotional distress sustained must be both serious and reasonably foreseeable (serious emotional distress may be found where a reasonable person, normally _|3Constituted, would be unable to cope adequately with the mental distress engendered by the circumstances of the case); and
4. There must be such a rapport between the victim and the one suffering shock as to make the causal connection between the defendant’s conduct and the shock understandable.
*179 After reviewing the record, we find that appellants did not meet the elements necessary for recovery on their independent claims for mental anguish and suffering. There was no evidence that Suzanne Bower Thomas and Scott Bower sustained any damages as they did not testify. Furthermore, there was no evidence introduced that they even saw any of the injuries that their mother suffered which form the basis of the Le-june damages.
As to Alison Bower, there was no evidence that she suffered severe and debilitating mental anguish as a result of the traumatic injury to her mother. The evidence at trial indicated that Alison Bower had been caring for her ill mother for a considerable amount of time, and had seen decubitus ulcers before.
Next, we will address appellants’ claim for damages for the pain and suffering Mrs. Bower endured prior to her death.
Appellants argue on appeal that the trial court erred when it failed to issue a judgment notwithstanding the verdict by awarding damages, or in the alternative granting a new trial as to damages only in regards to Mrs. Bower’s pain and suffering. More specifically, appellants argue that the jury’s failure to award damages was inconsistent with their determination that the defendant was negligent and that said negligence caused harm to the plaintiffs. We agree.
The Jury verdict form read:
Did defendant (Dr. Deese) commit malpractice?
Answer: Yes
Did defendant’s malpractice cause harm (to petitioners)?
14Answer: Yes
Was the nursing home (former co-defendant) negligent?
Answer: No
Did defendants’ malpractice deprive Mrs. Bower of a chance of survival?
Answer: No
The verdict returned by the jury awarding zero damages is an abuse of discretion. Their determination that the defendant was negligent, and that negligence caused harm, was an acknowledgement by the jury of the objective injuries of Mrs. Bower shown at trial. The refusal to award damages for these objective injuries is not within the fact finder’s discretion. A jury errs as a matter of law by refusing to award general damages for objective injuries. Gormley v. Grand Lodge of State of Louisiana, 503 So.2d 181 (La.App. 4th Cir.1987), writ denied 506 So.2d 1227 (La.1987). Curry on Behalf of Curry v. Allstate Insurance Company, 435 So.2d 1030 (La.App. 4th Cir.1983).
Appellees argue that the verdict was correct in light of the testimony that Mrs. Bower was not cognitive of her surroundings; however, this assertion is not supported by the evidence. Allison Bower’s testimony, that her mother was aware of her pain, was supported by the only daily log of Mrs. Bower’s condition, the nurses’ daily notes. The nurses’ notes reflect observations such as “(decedent’s) eyes open to verbal and tactile stimuli”, or “alert”. It was not until after the amputation that the nurses’ notes indicated that Mrs. Bower was not aware of her surroundings with observations such as “not really oriented”, or “not aware”.
Additionally, we find that the trial courts’ failure to grant JNOV or, in the alternative, a motion for new trial as to damages only was clearly wrong.
LSA-C.C.P. art. 1813 provides:
IsA. The court may submit to the jury, together with appropriate forms for a general verdict, written interrogatories upon one or more issues of fact the decision of which is necessary to a verdict. The court shall give such explanation or instruction as may be necessary to enable the jury both to make answers to the interrogatories and to render a general verdict, and the court shall direct the jury both to make written answers and to render a general verdict.
B. The court shall inform the parties within a reasonable time prior to their arguments to the jury of the general verdict form and instructions it intends to submit to the jury, and the parties shall be given a reasonable opportunity to make objections.
*180 C. When the general verdict and the answers are harmonious, the court shall direct the entry of the appropriate judgment upon the verdict and answers.
D. When the answers are consistent with each other but one or more is inconsistent with the general verdict, the court may direct the entry of judgment in accor- ' dance with the answers, notwithstanding the general verdict, or may return the jury for farther consideration of its answers and verdict, or may order a new trial.
E. When the answers are inconsistent with each other and one or more is likewise inconsistent with the general verdict, the court shall not direct the entry of judgment but may return the jury for further consideration of its answers or may order a new trial.
Section D of this article clearly empowers the trial court to enter judgment notwithstanding the general verdict, or order a new trial where there are inconsistencies between answers to interrogatories and the verdict. In the matter sub judice, once the jury determined that the defendant was negligent, and this negligence caused harm, the jury was compelled to award damages. We find that based upon the evidence presented, the trial courts’ failure to grant JNOV, or a new trial as to damages only was clearly erroneous. Appellees further argue that the verdict returned by the jury was correct in light of Mrs. Bower’s extensive medical history, and any suffering that she | (-.experienced was a result of these medical problems, not from appellee’s treatment, or lack thereof. We disagree.
A review of the record indicates that prior to her admittance at JSCC, Mrs. Bower had a medical history including arteriolosclerotic, cardiac, vascular disease, cardiac arrhythmia, deep vein thrombosis, recurring urinary tract infections, multiple strokes, significant organic brain syndrome, severe dementia, some decubiti, and various other medical conditions. However, the admit sheets in the medical record indicates that at the time of her admittance, Mrs. Bower was free from decubiti, properly hydrated, and free of any urinary tract infections. The fact that Mrs. Bower suffered certain injuries in the past, does not excuse causing her additional injuries in the future, even if they are a recurrence of the same injuries.
Consequently, we find that appellants are entitled to an award of $50,000 for the pain and suffering which resulted from the numerous decubitus ulcers and the loss of her leg sustained by Mrs. Bower. The judgment of the trial court denying appellant’s motion for JNOV is amended, and judgment is entered in favor of appellants, and against Dr. John Deese in the amount of $50,000. In all other respects, the judgment of the trial court is affirmed.

AMENDED, AND AFFIRMED AS AMENDED.

ARMSTRONG, J., concurs.