I,ARMSTRONG, Judge.
This is an automobile personal injury case. The plaintiff appeals and argues that (1) the jury erred by failing to allocate the fault equally between the two defendant drivers; (2) that the jury erred by faffing to award general damages despite the award of special damages; and (3) the jury erred by awarding inadequate special damages for lost wages/ lost earning capacity. We hold that it was error as a matter of law to fail to award any general damages when special damages for medical expenses were awarded and we will modify the judgment accordingly. Other *199 wise, we will affirm the judgment of the trial court.
Plaintiff, Michael Schlette, was involved in a three-car accident on April 29, 1994. His car was hit from behind and he alleges that, as a result of the collision, his anide was injured. The two other cars were driven by Samuel J. Washington and Cleo-phus Drake. The plaintiff sued Mr. Washington and Mr. Drake and their respective liability insurers. He also sued his unin-surer, GEICO. Before trial, he settled with Mr. Washington and Mr.Washington’s insurer. After trial, the jury allocated fault at 65% to Mr. Washington and 35% to Mr. Drake. It fixed special [¡.damages for lost wages and lost earning capacity at $1000, fixed special damages for medical expenses at $15,421 and awarded no general damages.
The plaintiff argues that the jury should have allocated fault 50% to Mr. Washington and 50% to Mr. Drake. The jury’s apportionment of fault may be disturbed upon appeal only if it is “clearly wrong”. Clement v. Frey, 95-1119 (La.1/16/96), 666 So.2d 607, 611. In this case, there was some evidence that Mr. Drake was changing lanes negligently but there also was evidence that Mr. Washington was deliberately following too closely. We cannot say that the jury’s decision to apportion fault as it did is clearly wrong.
The plaintiffs next issue on appeal is that the jury, having awarded medical expenses as special damages, erred as a matter of law in declining to award any general damages at all. We agree. When the judge or jury awards special damages for medical expenses then it is error as a matter of law to award nothing for general damages. Odendahl v. Wild, 418 So.2d 36 (La.App. 4th Cir.1982). In such cases, the court of appeals should award as general damages the lowest amount that the trial judge or jury could have awarded without there being an abuse of discretion. Id.
The defendants cite several cases for the proposition that the jury’s failure to award any general damages in this case may be affirmed because the plaintiff failed to prove “ ‘objective injuries’ or failed to provide ‘objective proof ” of his injury. However, we do not believe that the cited cases stand for such a proposition |sand that, instead, each reflects some unusual situation not present in the case before us.
In Tchiblakian v. State Farm Mut. Auto. Ins. Co., 97-2287 (La.App. 4th Cir 4/8/98), 711 So.2d 360, this court determined that, as a result of a misleading jury interrogatory, the jury listed the total damages (medical and other) in the space provided for medical damages. Thus, the court determined that Odendahl was not applicable.
In Gauthreaux v. Frank, 96-2829 (La.App 4th Cir. 7/1/98), 718 So.2d 985, this court determined that the jury had concluded that the plaintiff had not suffered any damages as a result of certain hospitalization and medical treatment but had, nevertheless, awarded plaintiff a refund of her medical expenses because of her dissatisfaction with the medical services. Such a refund, not being based upon injury, did not require the award of general damages.
In Olivier v. Sears Roebuck & Co., 499 So.2d 1058 (La.App. 3rd Cir.1986) , the Third Circuit concluded that the jury had found that the plaintiff was not injured but was entitled to the $150.00 cost of having a post-accident medical check-up expenses, not being predicated upon an actual injury, did not require the award of general damages.
In Curry v. Allstate Ins. Co. 435 So.2d 1030 (La.App. 4th Cir.1983), a case in which the jury failed to award any general damages (the defendant insurer had paid the plaintiffs medical bills), this court reversed and remarked that a jury “errs as a matter of law in refusing to award general damages for objective injuries.” I/The Curry court did not explain what it meant by the term “objective injuries.” In any case, nothing in Curry alters *200 the rule of Odendahl that, when special damages for medical expenses are awarded, then general damages must also be awarded. And, of course, the Curry panel would have had no authority to overrule Odendahl. Also, in the present case, the jury expressly found, per its answers to jury interrogatories, that the fault of Mr. Washington and the fault of Mr. Drake caused injury to Mr. Schlette. The jury having thus specifically found that Mr. Schlette was injured, which finding is also implicit in the award of $15,421 in medical expenses, any absence of “objective” injury is no ground to refuse award of general damages.
As to the quantum of general damages, the jury awarded Mr. Schlette only about half of the medical expenses claimed so it is apparent that the jury believed that only a portion of Mr. Schlette’s medical problems are due to the automobile accident at issue. We will attempt to set the amount of general damages in accord with that apparent finding of the jury. We believe that $16,000 is the lowest award that the jury could award without an abuse of discretion and, therefore, we set the general damages at that amount.
Lastly, Mr. Schlette argues that the jury erred by awarding only $1,000 for lost wages. This factual finding may be disturbed upon appeal only if it is clearly wrong/manifestly erroneous. Stobart v. State, DOTD, 617 So.2d 880 (La.1993); Rosell v. ESCO, 549 So.2d 840 (La.1989). The jury’s factual findings may not be disturbed upon appeal so long as they are reasonable. Id. In this case, the jury | ^reasonably could have found that Mr. Schlette did not miss any work and did not suffer any loss of earning capacity because of disability due to injury connected with the automobile accident at issue. The $1,000 awarded may well represent work time lost due to doctor appointments.
For the foregoing reasons we amend the judgment of the trial court to add $16,000 general damages and otherwise affirm the judgement of the trial court.

AFFIRMED; AMENDED AS AFFIRMED.