600 So.2d 1382 (1992)
Sheila MARTIN and Nelson Martin Individually and on Behalf of Their Minor Child Shannon Martin
v.
Stanley FRANCIS d/b/a Donaldsville Marble and Granite Company and Audubon Insurance Company.
No. 91 CA 0921.
Court of Appeal of Louisiana, First Circuit.
May 22, 1992.
Rehearing Denied July 14, 1992.
*1383 Raymond Simmons, Baton Rouge, for plaintiffs/appellants.
Troy J. Charpentier, Baton Rouge, for defendants.
Before COVINGTON, C.J., and LeBLANC and WHIPPLE, JJ.
LeBLANC, Judge.
This is a personal injury case in which plaintiffs appeal from a jury verdict awarding the victim partial medical expenses only, with no award for general damages.
On April 19, 1987, thirteen-year-old Shannon Martin sustained a severe injury when a granite tombstone displayed at defendant's place of business fell on his right foot, nearly severing his big toe, second toe and the tip of his third toe. These toes were amputated a few days later when efforts to save them proved unsuccessful. Shannon's parents, Nelson and Sheila Martin, subsequently filed this personal injury suit, individually and on behalf of Shannon, against Stanley Francis, D/B/A Donaldsonville Marble and Granite Company, and his liability insurer, Audubon Insurance Company.
Trial of this matter was held before a jury on October 9 through 11, 1990. After beginning deliberations, the jury returned to the courtroom and asked whether it could add a stipulation to the verdict form requiring defendants to pay 100% of Shannon's past medical expenses, excluding the amount incurred for psychological treatment. After determining there was no objection from either counsel, the trial court replied that it had no objection to this request. After further deliberations, the jury returned a verdict assigning 75% fault to Shannon and 25% fault to Stanley Francis.[1] Additionally, the jury awarded Shannon $10,816.72 for medical expenses. The following notation was made at the bottom of the verdict form: "Donaldsonville Marble and Granite Co. is 100% responsible for Shannon Martin's medical bills to date (10,816.72) Donaldsonville Marble and Granite Co. is not responsible for plaintiff's exhibit-P21A". The jury awarded no damages for plaintiffs' other requested items of damage.
After the trial court rendered judgment in accordance with this verdict, plaintiffs made a motion for additur and/or judgment *1384 notwithstanding the verdict (JNOV) and an application for a new trial, all of which were denied by the trial court. Plaintiffs now appeal the judgment of the trial court, alleging the trial court erred in the following respects:
1. In failing to grant a new trial, additur or JNOV due to the jury's failure to award plaintiffs any general damages, despite the fact that an award was made for special damages.
2. In failing to sustain plaintiffs' Batson challenge to defendants' use of a peremptory challenge to excuse a black prospective juror.
3. In allowing the admission into evidence of a deposition given by a defense witness when there was no legal showing of the witness' unavailability.
4. In refusing to give the jury a special instruction requested by plaintiffs.
5. In giving the jury two special instructions requested by defendants.

FAILURE TO AWARD GENERAL DAMAGES
Plaintiffs contend the jury erred in failing to award general damages to Shannon for pain and suffering and to his parents for mental anguish, despite the fact that an award of special damages was made. They also maintain the trial court erred in failing to grant an additur, new trial or JNOV on the basis of this legal error in the jury verdict. We agree with plaintiffs' argument with respect to Shannon, but not as to his parents.
It is legal error for a jury to award special damages for a party's medical expenses while denying recovery to that party for pain and suffering. Marcel v. Allstate Ins. Co., 536 So.2d 632 (La.App. 1st Cir.1988), writ denied, 539 So.2d 631 (1989); Harper v. Boudreaux, 496 So.2d 439 (La. App. 1st Cir.1986). Since the jury in this case allowed recovery for some of Shannon's medical expenses, but denied him recovery for pain and suffering, it committed legal error. Id. Accordingly, the trial court erred in not granting plaintiffs the relief they prayed for with respect to Shannon's claim for pain and suffering. Odendahl v. Wild, 418 So.2d 36 (La.App. 4th Cir.1982); also see, Labauve v. Central Mut. Ins. Co., 491 So.2d 146 (La.App. 3rd Cir.1986) (the trial court correctly granted JNOV to award plaintiff general damages which the jury had denied, despite having awarded medical damages).
Since Shannon is entitled to recover for his pain and suffering, it is incumbent upon this Court to render an award for this item of damages. Gonzales v. Xerox Corporation, 320 So.2d 163 (La.1975). Further, because the jury committed legal error rather than an abuse of its discretion, we must assess damages res nova. Marcel, 536 So.2d at 635. After considering the circumstances present, we conclude that an award of $35,000.00 for Shannon's pain and suffering is appropriate. This amount is subject to reduction by 75% due to the jury's assessment of fault to Shannon. La.C.C. art. 2323.
Plaintiffs also maintain the jury erred in not awarding recovery for all of Shannon's medical expenses. Specifically, the jury denied recovery for the expense of Shannon's treatment by a psychologist, which totalled $2,400.00. Our review of the record indicates that the jury abused its discretion in disallowing this expense, which was attributable to the psychological trauma Shannon experienced as a result of the amputation of his toes. Therefore, we will further amend the judgment of the trial court to allow recovery for this medical expense. As with the award for Shannon's pain and suffering, this award is subject to 75% reduction.[2]
With respect to Shannon's parents, plaintiffs argue the jury erred in not *1385 awarding them damages for mental anguish. This contention is without merit.
After he was injured, Shannon managed to hop on one leg the short distance to the residence where his parents were visiting, where he laid on the sidewalk and screamed for his parents. When Shannon's shoe was removed, his big toe was limp, remaining attached to his foot by only a few tendons. Shannon's mother testified that she could not bear this sight and attempted to run from the scene until someone restrained her.
In a departure from a long line of jurisprudence, the Louisiana Supreme Court in Lejeune v. Rayne Branch Hosp., 556 So.2d 559 (La.1990), held that under limited circumstances, mental pain and anguish claims arising out of injuries to a third person are recoverable. However, one of the requisites for such recovery is that the emotional distress sustained by the claimant be both serious and reasonably foreseeable.
In discussing this requirement, the Supreme Court stated:
Serious emotional distress, of course, goes well beyond simple mental pain and anguish. Compensation for mental pain and anguish over injury to a third person should only be allowed where the emotional injury is both severe and debilitating. For instance, Paugh v. Hanks, 6 Ohio St.3d 72, 451 N.E.2d 759, 765 (1983) held that `serious emotional distress may be found where a reasonable person, normally constituted, would be unable to cope adequately with the mental distress engendered by the circumstances of the case.' A non-exhaustive list of examples of serious emotional distress includes neuroses, psychoses, chronic depression, phobia and shock. (citations omitted) Lejeune, 556 So.2d at 570.
In the present case, seeing Shannon's nearly severed toes was undoubtedly extremely upsetting to his parents, as it would be to most people. However, the record is devoid of any evidence that the distress they suffered was of a nature that could be categorized as "severe and debilitating" or that they were unable to cope with the situation. Thus, while we are sympathetic to the experience suffered by Shannon's parents, we find no error in the jury's conclusion that they were not entitled to recover for mental anguish and distress.

PEREMPTORY CHALLENGE
At trial, plaintiffs objected to the use of a peremptory challenge by defendants to excuse a black prospective juror, claiming the use of this challenge violated the holding of Batson v. Kentucky. In overruling the objection, the trial court stated it did not believe Batson applied in civil cases. However, the trial court indicated it also did not feel a prima facie case of purposeful discrimination had been established by plaintiffs, which is a requisite for establishing a Batson violation.
In Edmonson v. Leeville Concrete Co., Inc., ___ U.S. ___, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991), rendered subsequent to the trial in this case, the United States Supreme Court extended the holding of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), to civil cases. However, we need not determine whether this decision is retroactive or prospective only because, in any event, the trial court was correct in concluding that plaintiffs failed to make out a prima facie case of purposeful discrimination. In Batson the Supreme Court discussed the method of establishing a prima facie case as follows.
In deciding whether the defendant has made the requisite showing, the trial court should consider all relevant circumstances. For example, a `pattern' of strikes against black jurors included in the particular venire might give rise to an inference of discrimination. Similarly, the prosecutor's questions and statements during voir dire examination and in exercising his challenges may support or refute an inference of discriminatory *1386 purpose. These examples are merely illustrative. We have confidence that trial judges, experienced in supervising voir dire, will be able to decide if the circumstances concerning the prosecutor's use of peremptory challenges creates a prima facie case of discrimination against black jurors. 106 S.Ct. at 1723.
In this case, the trial court, after personally observing the entire voir dire, gave the following reasons for its conclusion that plaintiffs had not made out a prima facie case of discrimination.
[H]ere we have a plaintiff and a defendant, and they are both black. And I don't see where, even if Batson versus Alabama (sic) would apply, you would have a reason for questioning why a peremptory challenge would be used against one of the black prospective jurors. And just in passing, I note that you challenged yourself a black prospective juror....
Just looking at the two of you, the only thing we have at the counsel table is a white counsel challenging a black juror. I don't think, first of all, Batson versus Kentucky applies. And even if it did, I don't think you would have a valid challenge in this case.
Based upon our review of the record and the reasons given by the trial court, we find no error in the decision of the trial court overruling plaintiffs' objection. No Batson violation occurred in this case.

ADMISSION OF DEPOSITION
At trial, plaintiffs objected when defendants attempted to introduce the deposition of Mr. Jazzez Jones into evidence. In response to the objection, defense counsel explained that he had requested the issuance of a subpoena for Mr. Jones to appear at trial, but that he had received a service return with the notation "Unable to locate. Subject is in the U.S. Army." The trial court allowed the admission of the deposition on this basis. On appeal, plaintiffs argue the trial court erred in allowing the introduction of Mr. Jones' deposition because there was insufficient evidence of his unavailability.
Under La.C.C.P. art. 1450 A(3)(a), if the trial court finds a witness is unavailable to appear at trial, the deposition of that witness may be introduced into evidence, if the party against whom it is used was present or represented at the taking of the deposition or had reasonable notice thereof. The trial court is vested with broad discretion in determining whether a witness is unavailable within the meaning of this provision. See, Snell v. United Parcel Services, Inc., 543 So.2d 52 (La.App. 1st Cir.), writ denied, 545 So.2d 1040 (1989).
In the instant case, the trial court was satisfied that Mr. Jones was unavailable for trial. We find no abuse of the trial court's broad discretion in this determination. Further, we do not believe plaintiffs were prejudiced by the introduction of this deposition for the following reasons. First, counsel for plaintiffs was present and had the opportunity to fully cross-examine Mr. Jones at the taking of the deposition. Secondly, Mr. Jones' deposition testimony was cumulative of the testimony of other witnesses who testified that Shannon rocked the tombstone.

SPECIAL JURY INSTRUCTIONS
Plaintiffs argue the trial court erred in denying their requested jury instruction number seven and in granting defendants' requested jury instructions numbers two and fourteen, all of which dealt in various means with the standard of care required of defendants.
La.C.C.P. art. 1793(C) in pertinent part provides, that:
A party may not assign as error the giving or the failure to give an instruction unless he objects thereto either before the jury retires to consider its verdict or immediately after the jury retires, stating specifically the matter to which he objects and the grounds of his objection. (emphasis added) *1387 This provision creates a mandatory rule for preserving objection to a trial court's ruling regarding requested jury instructions. Petitto v. McMichael, 588 So.2d 1144, 1147 (La.App. 1st Cir.1991), writ denied, 590 So.2d 1201 (1992). In order to preserve the right to appeal a trial court's refusal to give a requested instruction or its giving of an erroneous instruction, a party must not only make a timely objection, but must state the grounds of his objection. Petitto, 588 So.2d at 1147; Wilson v. Wilson, 542 So.2d 568, 574 (La.App. 1st Cir.1989). Merely making an objection, without assigning any reasons therefor, is insufficient. Id.

In the present case, plaintiffs' counsel made a blanket objection, without stating any reasons, to those of his "special charges which were not granted" and to the "granting of all of the special charges that ... [the trial court] did grant on behalf of the defendant." Since counsel failed to state the basis of his objection as required, he forfeited his right to complain on appeal with respect to the special instructions the trial court gave or refused to give. Petitto, 588 So.2d at 1147; Wilson, 542 So.2d at 574.

CONCLUSION
For the reasons assigned, the judgment of the trial court is amended and judgment is hereby rendered awarding plaintiffs the additional amounts of $8750.00 ($35,000.00 reduced by 75%) for Shannon's pain and suffering and $600.00 ($2,400.00 reduced by 75%) for medical expenses. The judgment appealed from is affirmed in all other respects. One-half of the costs of this appeal are to be paid by appellants and appellees, respectively.
AFFIRMED IN PART; AMENDED IN PART; AND RENDERED.
NOTES
[1] There was conflicting testimony as to whether the tombstone fell on Shannon's foot after he had merely touched it or whether it fell only after Shannon deliberately rocked it several times. In view of its allocation of 75% fault to Shannon, the jury apparently accepted the testimony of the witnesses who testified that he rocked the tombstone. Plaintiffs have not raised any issue in this appeal regarding the jury's allocation of fault.
[2] Those medical expenses which the jury did award would likewise have been subject to reduction by 75% if the parties had not agreed that the jury could stipulate defendants were to pay 100% of these expenses.